UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF M&M WIRELINE &                    CIVIL ACTION
OFFSHORE SERVICES, LLC

                                                   NO. 15-4999
                                                    C/W NO. 15-5338

                                                   SECTION: "G"(5)

ORDER

Before the Court is Plaintiff Beaux Cormier's "Motion to Strike and Objection to

Defendants' Amended Witness List and Amended Exhibit List and Motion in Limine to Exclude

Martin Gee from Testifying."[1] Having considered the motion, the memoranda in support and in

opposition, the record, and the applicable law, the Court will grant the motion.

I. Background

In this litigation, Plaintiff Beaux Cormier ("Cormier") alleges that he was employed by

M&M Wireline & Offshore Services, LLC ("M&M Wireline") as a Jones Act seaman on the M/V

M&M 102.[2] Cormier alleges that on November 30, 2014, he was transported from a platform in

the Grand Bay Field to the nearby M/V M&M 102 by a "Jon Boat" owned and/or operated by

Defendant Saratoga Resources, Inc. ("Saratoga").[3] According to Cormier, the operator of the Jon

Boat positioned the vessel so that the front of it was near and/or pushed up against the side of the

_____

[1] Rec. Doc. 43.

[2] Rec. Doc. 6 at 10.

[3] *Id.* at 11.

1

M/V M&M 102.[4] When Cormier attempted to step up onto the deck, he alleges that the Jon Boat backed away from the M/V M&M 102, requiring Cormier to jump back onto the Jon Boat, resulting in Cormier losing his balance and landing partially on the Jon Boat and partially in the water.[5] Cormier alleges that Defendants are liable to him for injuries caused by Defendants' negligence and their failure to provide seaworthy vessels.[6] Defendants argue that any injury Cormier sustained resulted solely from Cormier's own negligence, and that Cormier's alleged back injury pre-existed the incident at issue in this litigation.[7]

Cormier filed his complaint on October 21, 2015.[8] On June 30, 2016, Defendants filed a witness list identifying only David Scruton as their "marine safety expert."[9] The same day, Defendants filed an expert report signed by both David Scruton and Martin Gee, Scruton's colleague at 3D Marine USA, Inc. who was not listed on the Defendants' witness list.[10] Pursuant to this Court's Scheduling Order, both parties were required to provide a final list of witnesses for trail by June 30, 2016.[11] On July 19, 2016, Plaintiff moved to exclude, *inter alia*, Martin Gee from testifying, on the grounds that he signed the expert report but is not qualified as a "marine safety" expert and was not listed as an expert witness on Defendants' witness list.[12] On July 28, 2016,

---

[4] *Id.*

[5] *Id.* at 11–12.

[6] *Id.* at 12.

[7] Rec. Doc. 15 at 5–6.

[8] Rec. Doc. 1.

[9] Rec. Doc. 16.

[10] Rec. Doc. 23-8.

[11] Rec. Doc. 9.

[12] Rec. Doc. 23.

approximately one month after the June 30, 2016 deadline in this Court's Scheduling Order, Defendants filed an amended witness list, adding Martin Gee as an expert witness,[13] and an amended exhibit list, adding Cormier's driver's license and a video recording of the June 1, 2016 physical inspection of the two vessels as new exhibits.[14] Defendants did not file a motion for leave to file the late amendments to their witness and exhibit lists. On August 10, 2016, Cormier filed the instant motion seeking to strike Defendants' amended witness and exhibit lists and exclude Gee from testifying.[15] On August 24, 2016, Defendants filed their opposition to the motion.[16]

## II. Parties' Arguments

### A. Cormier's Arguments in Support of Motion To Strike Defendants' Amended Witness and Exhibit Lists and to Exclude Martin Gee from Testifying

In his motion, Cormier moves to strike the amended witness list and the amended exhibit list on the grounds that Defendants failed to comply with this Court's Scheduling Order.[17] According to Cormier, the plain language of the Scheduling Order states that "[t]he Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown."[18] Cormier further points out that the Scheduling Order permits extensions of deadlines only "upon timely motion filed" and "upon a showing of good

---

[13] Rec. Doc. 33.

[14] Rec. Doc. 34.

[15] Rec. Doc. 43.

[16] Rec. Doc. 49.

[17] Rec. Doc. 43-1.

[18] *Id*. at 2–3 (citing Rec. Doc. 9 at 3–4).

cause."[19] It also states that "[t]he Court requires strict adherence to scheduling orders and deadlines."[20] Cormier argues that Defendants have not filed a motion requesting the late addition of Martin Gee as an expert witness, or the vessel inspection videos and Cormier's driver's license as exhibits, and therefore the Court should strike the amendments from the record as improperly and untimely filed.[21]

Cormier further argues that the amendments are unjustified here because Defendants had access to Martin Gee, the vessel inspection videos, and Cormier's driver's license well before the June 30, 2016 deadline to include them in Defendant's exhibit and witness lists.[22] By the time Defendants filed their amendments on July 28, 2016, Cormier asserts that the July 19, 2016 deadline to file motions regarding expert testimony and the July 26, 2016 deadlines for completion of discovery had already passed.[23] Thus, Cormier asserts that he was significantly prejudiced by being precluded from timely deposing Martin Gee or further exploring the vessel inspection videos or the driver's license through discovery.[24]

In the alternative to Cormier's procedural arguments, he asserts two additional grounds to exclude Gee and the driver's license. First, Cormier avers that permitting Martin Gee to testify

---

[19] *Id.* (citing Rec. Doc. 9 at 5).

[20] *Id.*

[21] *Id.* at 3.

[22] *Id.* Cormier represents that the Martin Gee conducted a physical inspection of the two vessels on June 1, 2016, and the videos of the physical inspection were created on the same day. *Id.* at 3. Cormier also states that the driver's license was attached to Cormier's deposition transcript as Exhibit 1 on March 28, 2016. *Id.* at 3–4. Thus, Cormier argues that Defendants had access to Gee and the two exhibits well before the deadline to include them on the witness and exhibit lists had passed. *Id.*

[23] *Id.* at 3–5.

[24] *Id.* at 4.

would be cumulative under Federal Rule of Evidence 403.[25] Cormier argues that Gee and Scruton signed the same expert report and will testify as to the exact same issues, opinions, and aspects of the case.[26] Under Rule 403, Cormier asserts the probative value of Gee's testimony is "substantially outweighed by the danger of needlessly presenting cumulative testimony."[27] Second, Cormier contends that Defendants "presumably only want to introduce the driver's license of Beaux Cormier to show that it contains the phrase 'sex offender' on it."[28] Cormier argues that comments on an alleged 2004 conviction are irrelevant, overly prejudicial, and inadmissible.[29]

**B.**   ***M&M Wireline's Arguments in Opposition to Motion to Exclude***

In response, Defendants concede that Cormier's driver's license should be excluded, but oppose Cormier's motion to exclude Martin Gee and the vessel inspection video.[30] Defendants aver that while Gee was "inadvertently omitted from the [original] witness list," Cormier had full notice of Gee's involvement in the case through the expert report submitted June 30, 2016, which was signed by Gee and included his expert credentials as an attachment.[31] Thus, Defendants argue that Cormier had nearly one month to take the deposition of Gee, but never did.[32]

---

[25] *Id*. at 4–6 (citing Fed. R. Evid. 403).

[26] *Id*.

[27] *Id*. (citing Fed. R. Evid. 403).

[28] *Id*. Cormier contends that statements in Defendants' Reply Brief, Rec. Doc. 38, support this presumption of Defendants' motives in attempting to include the driver's license. *Id*.

[29] *Id*.

[30] Rec. Doc. 49 at 1.

[31] *Id*. at 1–2.

[32] *Id*. at 2.

Defendants represent that while Gee was inadvertently omitted from their witness list filed June 30, 2016, they did not move to amend because they believed Scruton was sufficient to testify about all the opinions contained within the expert report.[33] It was not until Cormier filed a motion to exclude Scruton on July 19, 2016, Defendants state, that they were made aware that "Cormier took exception to the fact that Martin Gee was not listed as a witness."[34] Accordingly, Defendants filed an amended witness list including Gee and an amended exhibit list including the vessel inspection videos in an effort to address Cormier's concerns regarding Gee's involvement in creating the expert report and the reliability of Scruton's testimony.[35]

Finally, though Defendants concede that they filed their amended witness and exhibit lists late and without first seeking leave, they argue that, under Federal Rules of Civil Procedure 37(c)(1), a district court may exclude exhibits or witnesses not timely disclosed "unless the failure to disclose was 'substantially justified or is harmless.'"[36] Here, Defendants contend that the amendments were substantially justified because they were in response to Cormier's stated objections to the expert report and the testimony of Scruton.[37] Because Cormier's motion to exclude Scruton was based, in part, on Scruton not performing the vessel inspections himself, Defendants sought to introduce the expert who conducted the vessel inspections as well as the vessel inspection videos to address Cormier's concerns.[38]

---

[33] *Id.*

[34] *Id.* at 3.

[35] *Id.* at 4.

[36] *Id.* (emphasis in original).

[37] *Id.*

[38] *Id.* at 6.

Moreover, Defendants contend that the late disclosures were harmless, and cite to the four factor test provided by the Fifth Circuit to guide the district court's discretion in these matters.[39] To determine if a late disclosure of evidence is harmless, Defendants argue that this Court should consider "four factors: (1) the importance of the witness's testimony; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility that a continuance would cure potential prejudice; and (4) the explanation given for the failure to identify the witness."[40] First, Defendants assert that the importance of Gee's testimony and the videos depends on Cormier's position regarding the motions to exclude Scruton and the expert report; if Gee's involvement was so important that Cormier believes Scruton and the report should be excluded, then Gee should be permitted to testify.[41] If his testimony is not important, then Defendants argue that Cormier's motion in limine to exclude the report and Scruton "necessarily fails."[42] Second, Defendants aver that there is no prejudice here because Cormier cannot contend he was surprised by the inclusion of Gee and the videos.[43] Cormier knew about Gee's involvement through the expert report and Scruton's deposition, and Cormier knew about the vessel inspection videos given that Cormier's own expert viewed them and testified on them during his deposition.[44]

Third, Defendants assert that while Cormier did not suffer any prejudice here, a limited extension of the discovery/deposition deadline would cure any potential prejudice and could allow

---

[39] *Id.* (citing *Texas Instruments, Inc. v. Hyundai Elec. Indus. Co., Ltd.*, 190 F.R.D. 413, 416 (S.D. Tex. 1999) (citing *United States v. $9,041,598.68*, 163 F.3d 238 (5th Cir. 1998)).

[40] *Id.*

[41] *Id.* at 7.

[42] *Id. See also* Rec. Doc. 23.

[43] Rec. Doc. 49 at 7.

[44] *Id.*

Gee's deposition to occur before the September 26, 2016 trial date.[45] Finally, Defendants suggest that the late amendments were justified because they were not aware Cormier considered Gee's testimony or the vessel inspections critical until he filed his motion in limine on July 19, 2016.[46]

Lastly, Defendants point out that Cormier's cumulative argument is inconsistent with his previous motion in limine.[47] If Cormier believes Scruton's testimony should be excluded because only Gee attended the June 1, 2016 physical inspections, then it cannot be that Gee's testimony is unnecessary.[48] Defendants contend that Cormier "cannot have it both ways"; either Scruton's testimony is alone sufficient to support the expert report, defeating Cormier's previous motion,[49] or both Scruton and Gee's testimony are needed, defeating the present motion.[50]

### III. Law and Analysis

#### A.    *Legal Standard*

Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, failure to comply with court-imposed deadlines for witness and exhibit disclosure requirements may result in the exclusion of the evidence at issue. Rule 37(c)(1) states that when a party fails to identify a witness or provide information as required by Rule 26(a),[51] "the party is not allowed to use that information or witness

---

[45] *Id*. at 7–8.

[46] *Id*. at 8.

[47] *See* Rec. Doc. 23.

[48] *Id*. at 8–9.

[49] *See* Rec. Doc. 23.

[50] Rec. Doc. 49 at 9.

[51] Fed. R. Civ. P 26(a) (explaining the pretrial disclosures required of all parties).

to supply . . . at a trial, unless the failure was substantially justified or is harmless."[52] The Fifth Circuit has stated that district courts have "broad discretion to preserve the integrity and purpose of the pretrial order."[53] A decision to exclude late-designated witnesses or exhibits is reviewed for an abuse of discretion using a four factor test: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."[54] No one factor is dispositive; rather, courts look holistically at whether the factors collectively favor admission or exclusion of the evidence.[55]

Additionally, Federal Rules of Evidence 403 provides that a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." As the Fifth Circuit has stated, "[i]t is well within the discretion of a district court to limit the number of expert witnesses who testify at trial."[56] For example, in *Aetna Cas. & Sur. Co. v. Guynes*, the Fifth Circuit held that it was not error to limit the cumulative testimony of two fire investigation experts who were partners of the same investigation firm.[57] Evidence is cumulative in the Fifth

---

[52] Fed. R. Civ. P. 37(c)(1).

[53] *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir.1990) (internal quotation marks omitted).

[54] *See Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007) (applying four factor test to exclusion of expert witnesses for failure to timely designate); *Barbosa v. Cty. of El Paso*, 158 F.3d 584 (5th Cir. 1998) (using same four factor test for untimely designated exhibits).

[55] *See Betzel*, 480 F.3d at 707 ("The first factor plainly favors State Farm . . . We reverse, nevertheless, because the three remaining factors strongly favor Betzel."); *Nieves v. John Bean Techs. Corp.*, No. 3:13-CV-4059-D, 2014 WL 2587577, at *1 (N.D. Tex. June 10, 2014) ("The court considers the four factors holistically and does not mechanically count the number of factors that favor each side." (citations and quotation marks omitted)).

[56] *Aetna Cas. & Sur. Co. v. Guynes*, 713 F.2d 1187, 1193 (5th Cir. 1983).

[57] *Id.* at 1193 & n.18.

Circuit when it is "repetitious of evidence already introduced," and may thus be properly excluded.[58]

## B.    *Analysis*

Cormier makes two arguments as to why the Court should strike the amended witness and exhibit lists and exclude Gee from testifying: (1) that the amended witness lists were improperly and untimely filed; and (2) that Gee's testimony would be cumulative and that admitting Cormier's driver's license would be unfairly prejudicial.

### 1.    Admissibility of Cormier's Driver's License

As a preliminary matter, Defendants concede that the probative value of Cormier's driver's license, bearing the phrase "sex offender" on it, would be substantially outweighed by the prejudicial effect on the factfinder.[59] Here, Cormier's driver's license has little to no probative value and presents a strong risk of unfair prejudice to Cormier if admitted as evidence. Accordingly, the Court will exclude the driver's license pursuant to Rule 403 of the Federal Rules of Evidence.

### 2.    Filing of Amended Exhibit List and Witness List

Cormier argues next that the amendments to the witness list and the exhibit list were improperly and untimely filed.[60] He asserts that Defendants failed to first file the appropriate motion seeking leave to file such amended lists, and that the Court has not issued an order

---

[58] *Consol. Grain & Barge Co. v. Marcona Conveyor Corp.*, 716 F.2d 1077, 1083 (5th Cir. 1983) (citing *Meadows & Walker Drilling Co. v. Phillips Petroleum Co.*, 417 F.2d 378 (5th Cir.1969)). *See also Henson v. Odyssea Vessels, Inc.,* NO. 07–613, 2008 WL 449726, at *1 (E.D.La. Feb. 15, 2008) (Barbier, J.) (noting that "cumulative evidence is that which replicates other admitted evidence" (citation and quotation marks omitted)).

[59] *See* Rec. Doc. 49 at 1; Rec. Doc. 43-1 at 4.

[60] Rec. Doc. 43-1 at 2–3.

permitting late amendments to either the witness list or the exhibit list.[61] Cormier asserts that, pursuant to the Court's Scheduling Order, both parties were required to provide lists of all witnesses and exhibits that the parties planned to use at trial no later than June 30, 2016.[62] The Scheduling Order plainly states that the Court "will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, *without an order to do so issued on motion for good cause shown*."[63]

Defendants filed a witness list and exhibit list by the June 30, 2016 Scheduling Order deadline.[64] However, Defendants subsequently filed amended witness and exhibit lists on July 28, 2016, nearly a month after the June 30, 2016 deadline and two days after the deadline for completion of discovery.[65] Cormier correctly points out that Defendants did not file a motion requesting the late addition of Martin Gee as an expert witness or the vessel inspection videos as exhibits, nor has this Court issued an order allowing the Defendants to file such late amendments.[66] Therefore, the Court finds that Defendants' amended witness list and amended exhibit list were improperly and untimely filed.

### 3.    The Fifth Circuit's Four Factor Test

However, Defendants contend that, even though they untimely amended the witness and exhibit lists, doing so was both justified and harmless under the Fifth Circuit's four factor test for

---

[61] *Id.*

[62] Rec. Doc. 9 at 3.

[63] *Id.* at 3–4 (emphasis added).

[64] *See* Rec. Docs. 16, 17.

[65] *See* Rec. Docs. 33, 34.

[66] Rec. Doc. 43-1 at 3.

failure to timely disclosure evidence.[67] The Court will now analyze each factor in turn. Factor one considers the explanations given by the party for its failure to properly identify the witnesses and exhibits.[68] Defendants state that Gee was "inadvertently omitted" from the witness list, but that "[Defendants] did not feel, at that time, that the omission required an amendment."[69] Defendants assert that their late amendments adding Gee and the vessel inspection videos were justified because they were not aware that Cormier would challenge the opinions in the expert report and the testimony of David Scruton until July 19, 2016; upon learning of Cormier's arguments, they subsequently amended their witness and exhibit lists to add evidence that would address Cormier's concerns.[70]

However, Defendants waited nearly one month after the June 30, 2016 submissions of their final witness and exhibit lists[71] to file the amended lists on July 28, 2016.[72] Moreover, though Defendants state their amendments were in response to Cormier's motion in limine on July 19, 2016,[73] Defendants still waited another nine days, a full two days after the July 26, 2016 deposition and discovery deadlines,[74] to file the amended witness and exhibit lists. Merely because one party attempts to challenge the other's expert witness does not necessarily require the Court to extend

---

[67] *See* Rec. Doc. 49 at 6 (citing *Texas Instruments, Inc. v. Hyundai Elec. Indus. Co.*, Ltd., 190 F.R.D. 413, 416 (S.D. Tex. 1999) citing *United States v. $9,041,598.68*, 163 F.3d 238 (5th Cir. 1998)).

[68] *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007).

[69] Rec. Doc. 49 at 2.

[70] Rec. Doc. 49 at 2.

[71] Rec. Docs. 16–17.

[72] Rec. Docs. 33–34.

[73] Rec. Doc. 23.

[74] *See* Rec. Doc. 9.

its deadlines and re-open the door to allow in new evidence. As Cormier points out, Martin Gee had been involved in this matter since at least June 1, 2016, when the physical inspections of the barge and Jon Boat took place.[75] Likewise, the vessel inspection videos were filmed on June 1, 2016.[76] Accordingly, Defendants had ample time to include Gee and the two exhibits on their witness and exhibit lists filed on June 30, 2016. Though Defendants state that Gee was "inadvertently omitted" from the witness list, the Court finds this reason "weak, at best."[77] In *Geiserman*, the Fifth Circuit held that a scheduling mistake in the attorney's office was not a sufficient excuse for failing to timely designate an expert witness.[78] Likewise, explaining that a witness was inadvertently omitted from the witness list, and subsequently waiting a month to amend the list, is an insufficient excuse to merit late amendments to the exhibit list and witness list. Thus, factor one favors Cormier.

The second factor examines the importance of the excluded testimony. Here, Defendants argue that the importance of this evidence to their case "is somewhat dependent" on Cormier's arguments in his motion in limine to exclude the opinions contained in the expert report and to exclude Scruton and Gee from testifying.[79] From this argument, and from Defendants' earlier admission that they originally believed the omission of Gee and the two exhibits did not require an amendment, the Court finds that the evidence is of limited importance to Defendants if Scruton testifies. In another Order, this Court denied Cormier's motion to exclude the entirety of Scruton's

---

[75] *See* Rec. Doc. at 3.

[76] *See* Rec. Doc. 43-1 at 3–4.

[77] *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

[78] *Id.*

[79] Rec. Doc. 49 at 6. *See also* Rec. Doc. 23.

testimony and the opinions contained within the expert report, and held that Scruton's opinions are not unreliable merely because they are partially based on the data gathering of Gee.[80]

   Unlike in *Betzel*, where the Fifth Circuit held that the testimony of the two experts were "essential" and "necessary" to prove elements of the plaintiff's case,[81] here the new evidence at issue in this motion appears to be largely repetitive of what Scruton will already offer. Scruton and Gee are colleagues at 3D Marine USA, Inc. and both signed the expert report, indicating that either Scruton or Gee could testify on the same opinions.[82] Moreover, in *Betzel* the plaintiff argued that the experts' testimony was "very important,"[83] while here the Defendants equivocate on the importance of Gee and the exhibits in light of Scruton's potential testimony.[84] Rather, this case is more analogous to *1488, Inc. v. Philsec Inv. Corp.*, where the Fifth Circuit noted that "[e]nforcement of the district court's pretrial order [would] not leave the defendants without an expert witness."[85] Therefore, because Defendants' case does not "depend[] on the excluded witness[]" and exhibits,[86] the Court finds that Gee's additional testimony and the vessel inspection videos are of limited importance to the Defendants' case. Thus, factor two also counsels in favor of Cormier.

---

[80] *See* Rec. Doc. 62.

[81] *Betzel*, 480 F.3d at 707.

[82] Both Scruton and Gee signed the expert report and repeatedly stated in the report that "[w]e are of the opinion" when conveying their conclusions. *See* Rec. Doc. 49-1 at 11–12.

[83] *Id*.

[84] *See* Rec. Doc. 49 at 6.

[85] 939 F.2d 1281, 1288 (5th Cir. 1991).

[86] *Betzel*, 480 F.3d at 708.

The third factor considers the potential prejudice to the other party if the late additions are not excluded. Defendants argue that there is no prejudice to Cormier, because the June 30, 2016 expert report and Scruton's July 15, 2016 deposition made clear that Gee was involved in this case.[87] Moreover, Defendants represent that Cormier's own expert viewed the vessel inspection videos prior to the discovery and deposition deadline.[88] Defendants aver that Cormier can "hardly claim surprise" by the addition of Gee and the videos and, thus, there was no prejudice.[89]

However, the prejudice inquiry does not ask if Cormier knew that Gee was involved in the case in some ancillary manner; rather, the case law shows that the question is if Cormier was prejudiced by Defendants' *late designation* of Gee as an expert witness, which did not occur until July 28, 2016. In *Geiserman v. MacDonald*, the Fifth Circuit held that even a few weeks delay caused by the late designation of witnesses "would have disrupted the court's discovery schedule and the opponent's preparation," and that the defendant had already been relying "on Plaintiff's apparent decision to forgo expert testimony."[90] Likewise, in *Betzel*, the Fifth Circuit stated that it was "sympathetic" to arguments that late designation of experts deprive parties of opportunities to depose the expert, file *Daubert* challenges, and rebut the late witness with their own experts.[91]

Here, Defendants filed their amended witness and exhibit lists nearly a month after the deadline to file final witness and exhibit lists, nine days after the deadline to file motions regarding

---

[87] Rec. Doc. 49 at 7.

[88] *Id.*

[89] *Id.*

[90] 893 F.2d 787, 791–93 (5th Cir.1990).

[91] *Betzel*, 480 F.3d at 708.

the admissibility of expert testimony, and two days after the deposition and discovery deadlines.[92]
Because the deadlines had already passed, Cormier was precluded from timely deposing Martin
Gee, further exploring the vessel inspection videos through discovery, or designating his own new
expert witness.[93] While Cormier knew of Gee's involvement and the vessel inspection videos
earlier in the litigation, he was not aware that the Defendants would seek to use either during trial
until Defendants filed their amended lists. Though here, like in *1488, Inc. v. Philsec Inv. Corp.*,
"the degree of prejudice suffered by the plaintiff due to the late designation of an expert would not
have been great," the Court "still has the discretion to control pretrial discovery and sanction a
party's failure to follow a scheduling order."[94] Thus, the Court finds that the third factor of
prejudice weighs in favor of Cormier.

Finally, the fourth factor asks if the prejudice could be cured with a continuance.
Defendants state that any possible prejudice could be cured by allowing Cormier to take Gee's
deposition through a limited extension of the discovery and deposition deadlines.[95] The Fifth
Circuit has "repeatedly emphasized that a continuance is the preferred means of dealing with a
party's attempt to designate a witness out of time."[96] Even if a matter has been previously delayed,
a continuance "may nevertheless be the appropriate way in which to handle a late designation,

---

[92] Rec. Doc. 43-1 at 3–5.

[93] *Id*. at 4.

[94] 939 F.2d 1281, 1288–89 (5th Cir. 1991).

[95] Rec. Doc. 49 at 8.

[96] *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1001 (5th Cir. 1998) (citations omitted). In
*Campbell*, the Fifth Circuit held that the district court abused its discretion when it required the plaintiffs to depose
defendant's late-designated expert on the second day of trial rather than continuing the matter.

especially where the expert's testimony is important."[97] However, such a remedy can also impose additional costs on the parties, delay plaintiff's day in court, fail to deter "future dilatory behavior," and undermine the validity of local rules and the Court's scheduling orders.[98] Here, neither party has formally requested a continuance from the Court.[99] While re-opening discovery and depositions or extending all deadlines could cure any prejudice to Cormier from the late additions, it would also increase the costs and delays to both parties in order to admit evidence of limited importance. In light of these added costs, the Court finds that the fourth factor, at best, slightly favors Defendants.

Considering the above analysis guiding this Court's discretion to admit or exclude the untimely and improperly filed amended witness and exhibit lists, the Court finds that the four factor inquiry favors excluding Martin Gee and the vessel inspection videos. Neither Gee nor the vessel inspection videos are particularly important to Defendants' case, especially in light of this Court's decision to allow Scruton's testimony, and extending the Court's deadlines would only cause further delays, costs, and prejudice to the parties with limited benefits. Moreover, the Court is not convinced that the Defendants' justification for the late-filed amendments should merit such an extension. The court-imposed deadlines were reasonable, and adherence to the Courts' Scheduling Order is "critical [to] maintaining the integrity of judicial proceedings."[100] Therefore, the Court will grant Cormier's motion to strike the amended witness and exhibit lists. Because

---

[97] *Id.*

[98] *1488, Inc.*, 939 F.2d at 1289 (citations and quotation marks omitted); *Betzel*, 480 F.3d at 708–09.

[99] *See Geiserman*, 893 F.2d at 792 (noting that the parties did not formally request that the court issue a continuance).

[100] *1488, Inc.*, 939 F.2d at 1289.

this, in effect, excludes Gee from testifying, the Court will not address Cormier's cumulative argument.

### IV. Conclusion

For the reasons stated above, the Court finds that Defendants' amended witness and exhibit lists were improperly and untimely filed and, pursuant to the Court's analysis using the Fifth Circuit's four factor test, Martin Gee, the vessel inspection videos, and Cormier's driver's license are excluded. Accordingly,

**IT IS HEREBY ORDERED** that Cormier's "Motion to Strike and Objection to Defendants' Amended Witness List and Amended Exhibit List and Motion in Limine to Exclude Martin Gee from Testifying"[101] is **GRANTED.**

**NEW ORLEANS, LOUISIANA**, this ___7th___ day of September, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[101] Rec. Doc. 43.