UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF M&M WIRELINE & OFFSHORE SERVICES, L.L.C., AS OWNER OF THE M/V M&M 102, PETITIONING FOR EXONERATION FROM, OR LIMITATION OF LIABILITY | CIVIL ACTION NO. 2:15-CV-04999 c/w 15-5338<br>JUDGE NANNETTE JOLIVETTE BROWN<br><br>MAGISTRATE MICHAEL B. NORTH |

PLAINTIFF'S REPLY TO THE DEFENDANTS' "MEMORANDUM OPPOSING PLAINTIFF'S MOTION TO STRIKE CRIMINAL RECORDS"

MAY IT PLEASE THE COURT:

On September 15, 2016, the plaintiff, Beaux Cormier, filed a Motion in Limine to Exclude the Criminal Records of Beaux Cormier, which Defendants attempt to introduce In Globo, with no notice to the Plaintiff as to which specific records they intend to introduce, despite Plaintiff's requests to opposing counsel for such. (see Doc. 81-4, e-mail correspondence between counsel).

On September 22, 2016, the defendants, M&M Wireline and Offshore Services, LLC and Saratoga Resources, Inc., filed a "Memorandum Opposing Plaintiff's Motion to Strike Criminal Records."[1] (see Doc. 92).

Plaintiff now submits the following reply to the Defendants' "Memorandum Opposing Plaintiff's Motion to Strike Criminal Records" to address, among other things, misrepresentations made by the Defendants to this Honorable Court regarding the criminal records of Beaux Cormier and arguments raised by the Defendants regarding the criminal records of Beaux Cormier being relevant to the "issue of plaintiff's future earnings."

[1] Although Defendants refer to Plaintiff's Motion as a "Motion to Strike," it was actually a Motion in Limine to Exclude the Criminal Records of Beaux Cormier (see Doc. 81).

**1. <u>Defendants' Argument: The Criminal Records Are Properly Admitted for Impeachment Purposes Under FRE 609</u>**

In making this argument, Defendants refer to two separate convictions (simple burglary and carnal knowledge of a juvenile), which resulted from pleas of nolo contendere, of Beaux Cormier. Plaintiff contends that evidence of these two convictions, which both resulted from a plea of nolo contendre, is inadmissible under FRE 410 which provides that evidence of a nolo contendere plea is "not admissible against the defendant who made the plea or participated in the plea discussions." The plaintiff will now further address the purported admissibility of the records of these two convictions under FRE 609.:

A) <u>Simple Burglary</u>

Beaux Cormier pled nolo contendere to Simply Burglary on or about August 24, 2009. He was sentenced to five years at hard labor, to run concurrently with the sentence he was already serving for the revocation of his probation in May of 2007.

Although this conviction was within the 10-year period promulgated by FRE 609(b), the plaintiff contends that this conviction is inadmissible under FRE 609(a)(1)(A) as the probative value of it, which plaintiff contends is none, is substantially outweighed by the danger of unfair prejudice.

Under FRE 609(a)(1)(A), felony convictions within the past 10 years are admissible, **subject to Rule 403,** in a civil or criminal case in which the witness is not a defendant. Under FRE 403, a Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: **unfair prejudice**, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. [emphasis added by plaintiff].

In short, Beaux Cormier's criminal conviction for Simply Burglary, as a result of a nolo contendere plea, has absolutely no relevance or probative value to the case at bar. Even if this were to be found relevant, which plaintiff contends it is not, then it should still be excluded under Federal Rule of Evidence 403 as any probative value it may have is substantially outweighed by the danger of unfair prejudice to Beaux Cormier.

B) Felony Carnal Knowledge of a Juvenile

On or about November 17, 2004, Beaux Cormier pled nolo contendere to Felony Carnal Knowledge of a Juvenile for an alleged act that occurred in 2002 when Cormier was only 17 years old. He received a suspended sentence of seven and a half (7.5) years hard labor and placed on five years (5) supervised probation. On or about May 24, 2007, after Cormier failed to appear at a previously scheduled probation revocation hearing, Beaux Cormier's probation was revoked and he was sentenced to serve the 7.5 years at hard labor with credit for time served

Beaux Cormier's 2004 criminal conviction for felony carnal knowledge of a juvenile, which resulted from a plea of nolo contendere, has absolutely nothing to do with him sustaining injuries during the vessel to vessel transfer on November 30, 2014. It has no relevance or probative value to this case. Any relevance or probative value it may have should be excluded under FRE 609(a)(1)(A) and FRE 403 as it would be substantially outweighed by the danger of unfair prejudice.

This type of evidence will do nothing more than create extreme prejudice against Beaux Cormier. In fact, the Defendants seemingly agree with this notion. In Plaintiff's Me*morandum in Support of Motion to Strike and Objection to Defendant's Amended Witness and Amended Exhibit List* (Doc. 41-1), the plaintiff provided, at page 4, as follows:

> Furthermore, the plaintiff contends that the defendants presumably only want to introduce the driver's license of Beaux Cormier to show that it contains the phrase

> "sex offender" on it. This presumption is based off of irrelevant, overly prejudicial and inadmissible comments made by the defendants in their Reply Brief (Document 38) in a distasteful attempt to attack the credibility of Beaux Cormier based off of a 2004 conviction. (see Document 38, page 8).

In response to this, at page of 1 of Defendants' *Opposition to Motion to Strike* (Doc. 49), the Defendants provide, in part, as follows:

> For the following reasons, Petitioner in Limitation M&M Wireline & Offshore Services **concedes the point as to Cormier's driver's license** but opposes the motion as to the inclusion of Martin Gee as a witness and as to the inclusion of the vessel inspection videos as an exhibit. [emphasis added by plaintiff]

Thus, the Defendants do not dispute (see the Defendants' *Opposition to Motion to Strike*, Doc. 49, page 1) the Plaintiff's contention that the introduction of Beaux Cormier's driver's license for the purpose of showing the Court that the driver's license contained a certain phrase resulting from his 2004 conviction is irrelevant, overly prejudicial and inadmissible.

In the *Order* (Doc. 62) issued by this Honorable Court for the *Plaintiff's Motion to Strike and Objection to Defendant's Amended Witness List and Amended Exhibit List* (Doc. 43), at page 10, this Court affirmed the Defendants' concession regarding Beaux Cormier's driver's license:

> As a preliminary matter, Defendants concede that the probative value of Cormier's driver's license, bearing the phrase "sex offender" on it, would be substantially outweighed by the prejudicial effect on the factfinder. Here, **Cormier's driver's license has little to no probative value and presents a strong risk of unfair prejudice to Cormier if admitted as evidence**. Accordingly, the Court will exclude the driver's license pursuant to Rule 403 of the Federal Rules of Evidence.
> [emphasis added by plaintiff] (see Order, Doc. 62, page 10 of 18).

In keeping with the above cited reasoning of this Court, the Plaintiff contends that introduction of evidence of the conviction for Carnal Knowledge of a Juvenile, which Plaintiff allegedly committed over 14 years ago when he was only 17 years old, presents a strong risk of unfair prejudice to Beaux Cormier and has little to no probative value. In other words, if the evidence of this phrase on Beaux Cormier's driver's license presents a strong risk of unfair prejudice, then

evidence of the 2004 conviction (Felony Carnal Knowledge of a Juvenile, resulting from a plea of nolo contendre) which led to this phrase being added to Cormier's driver's license also presents a strong risk of unfair prejudice.

Therefore, even if it is found to be relevant under Federal Rule of Evidence 401, which plaintiff contends it is not, then it should still be excluded under Federal Rule of Evidence 403 and Federal Rule of Evidence 609(a)(1)(A).

As Beaux Cormier pled nolo contendre to this crime in 2004, over 10 years before the accident on November 30, 2014 as well as the trial date of September 26, 2016, evidence of this conviction is not admissible pursuant to Federal Rule of Evidence 609(b). Additionally, any probative value this evidence may have, which plaintiff contends is none, is outweighed by its prejudicial effect.

The Fifth Circuit has read Rule 609(b) to mean that "the probative value of a conviction more than 10 years old is by definition outweighed by its prejudicial effect. *United States v. Hamilton,* 48 F.3d 149, 154 (5th Cir.1995). For convictions older than 10 years, the general rule is inadmissibility. *See id.* (citing *United States v. Estes,* 994 F.2d 147, 149 (5th Cir.1993)). Convictions should be admitted under Rule 609(b) "very rarely and only in exceptional circumstances." *Zinman v. Black & Decker (U.S.), Inc.,* 983 F.2d 431, 434 (2d Cir.1993) (quoting congressional report)." *McIntyre v. Bud's Boat Rental, L.L.C.*, No. CIV.A. 02-1623, 2003 WL 22174236, at 3 (E.D. La. Sept. 9, 2003).

In response to the defendants' argument that Cormier's conviction for carnal knowledge is admissible because Cormier was still serving jail time for the conviction within the past 10 years, Plaintiff contends that this inapplicable in this case as Cormier only began serving "jail time" for this conviction as a result of his probation being revoked. In fact, in the August 24,

2009 Minute Entry for the crime of simple burglary, which was provided to the plaintiff by the Defendants, the Court states that the five (5) year sentence for Beaux Cormier's simple burglary conviction was to "run concurrent with probation revocation sentence defendant is presently serving…" Thus, the Court referred to that sentence as a "probation revocation sentence," and not a sentence for "felony carnal knowledge of a juvenile." As such, Beaux Cormier's confinement for purpose of FRE 609(b) was not for the carnal knowledge plea of nolo contendre, but instead for Cormier's probation being revoked. Thus, evidence of this conviction should be inadmissible under FRE 609(b) as more than 10 years have passed since the date of the conviction in 2004.

**2. <u>Defendants' Argument: Plaintiff's criminal records are relevant to the issue of plaintiff's future earnings</u>**

Defendants argue that the criminal records are admissible because they are relevant to the issue of Beaux Cormier's future earnings. In support of this argument, Defendants provide, at page 3 of their Opposition Memorandum, as follows:

> Among other things, the criminal record show that Plaintiff time and again keeps going back to prison. It is very difficult to hold a job in these circumstances. This is relevant to the course of plaintiff's likely future employment. In addition, such a significant criminal past (with convictions for carnal knowledge of a juvenile, burglary, cruelty to animals, etc.) has to be a major hindrance to getting hired in the future. (see Document 92).

In responding to this, Plaintiff first notes that within a few weeks of being released from prison in October of 2011, Beaux Cormier was hired as a full-time employee by the defendant, M&M Wireline & Offshore Services, L.L.C. Despite M&M's distasteful attempt to prejudice this court by referring to Beaux Cormier as a "reprehensible" human being, M&M still hired him as a full-time employee on November 10, 2014. This contradicts Defendants' current argument

that Cormier's "criminal past" is a major hindrance to him getting hired in the future. This same "criminal past" did not seem to be a hindrance to Cormier getting hired by M&M.

As for Defendants' statement that Beaux Cormier "time and again keeps going back to prison," the Plaintiff notes that Beaux Cormier has not been incarcerated since his release in October of 2011. Since the time that he pled nolo contendere to the Simple Burglary charge, which was over eight years ago, Beaux Cormier has not been convicted of any other crimes. Beaux Cormier served his time as sentenced and upon his release, he immediately rejoined the workforce with M&M.

The Defendants argue that Cormier's criminal records are relevant to the issue of Cormier's future earnings, including his future employability. In support of this argument, the Defendants cite, among other cases, the Eastern District of Louisiana case of *Marzett v. Seatrade Reefer Chartering, N.V.*, No. CIV.A. 13-5270, 2015 WL 1415277 (E.D. La. Mar. 27, 2015). Plaintiff chooses to only address *Marzett* as it is the only case out of the seven (7) cases cited by the Defendants in their Opposition Memorandum from a jurisdiction under the purview of the U.S. 5th Circuit Court of Appeals.[2] When citing *Marzett* at pages 2 and 5 of their Opposition Memorandum (Doc. 92), the Defendants left out the following, which is found at page 2 of the Court's opinion in *Marzett*:

> In that same vein, the Court holds that evidence of Plaintiff's criminal convictions are relevant and admissible **unless limited by Federal Rule of Evidence 609**. [emphasis added by plaintiff].

Furthermore, the economic report of Defendants' retained economist, J. Stuart Wood, makes no mention of Beaux Cormier's criminal records or "criminal past." In other words, Wood did not take into account Beaux Cormier's criminal records when rendering his opinions

---

[2] Besides *Marzett*, Defendants cites cases from the following jurisdictions: E.D. of Pennsylvania, E.D. of Michigan, 2nd Circuit Court of Appeals, 6th Circuit Court of Appeals).

as to Cormier's future losses. Although Defendants' retained Vocational Rehabilitation expert, Barney Hegwood, mentions Cormier's criminal records in his report, he does not specifically indicate that this would have an adverse impact on Beaux Cormier's employability or his future earnings. Regardless, even if this Court would find that the convictions of Cormier have some relevance as to the issue of future employability, the Plaintiff contends they are still inadmissible under FRE 403 and FRE 609 as any probative value they may have is substantially outweighed by the danger of unfair prejudice.

In describing the Plaintiff's "criminal past," the Defendants provide, at page 3 of their Opposition Memorandum (Doc. 92), as follows:

> In addition, such a significant criminal past (with convictions for carnal knowledge of a juvenile, burglary, cruelty to animals, etc.)…

The contention that Beaux Cormier was convicted of "cruelty to animals" is factually incorrect and is yet another misrepresentation to this Court by the Defendants as to Beaux Cormier's criminal records. Additionally, Plaintiff contends this is another attempt by Defendants to unfairly prejudice the plaintiff with the Court.

Beaux Cormier was only charged with the misdemeanor crime of cruelty to animals and the charge was dismissed in December of 2007. This is evidenced by the December 5, 2007 minute-entry, a redacted copy of such is attached hereto and made a part hereof as "Exhibit A," which was provided to the plaintiff by the Defendants and reflects that the State moved to "Nolle Prosse" this charge and "the Court so ordered."

Besides the fact that Defendants have misled this Court as to this criminal record, the Federal Rules of Evidence and the case law makes clear that evidence of mere arrests and criminal charges, without a conviction, are not admissible. This is supported by the Eastern District of Louisiana case of *Marzett v. Seatrade Reefer Chartering, N.V.*, No. CIV.A. 13-5270,

2015 WL 1415277, at 2 (E.D. La. Mar. 27, 2015) which, as mentioned previously, was cited by the Defendants in their opposition memorandum. In *Marzett*, at page 2, the Court provided as follows:

> In addition, evidence of an arrest that has not resulted in a conviction is inadmissible.

**3. Defendant's Argument: Evidence of Plaintiff's Incarceration is Relevant**

In making this argument, Defendants misrepresent the Plaintiff's argument in his Memorandum in Support of Motion in Limine to Exclude the Criminal Records of Beaux Cormier. Defendants incorrectly state, at page 4 of their Opposition Memorandum (Doc. 92), that the Plaintiff argues that under FRE 609 "the only information that is admissible is the fact of the conviction and the name of the felony else – nothing else, not even the length of any jail sentence imposed." At pages 8 and 9 of Plaintiff's Memorandum in Support of its Motion in Limine (Doc. 81-1), Plaintiff contends that "evidence of the conviction should be limited to the name of the crime for which Plaintiff was convicted, time and place of conviction **and the punishment."** [emphasis added]. Plaintiff supports this by citing the Eastern District of Louisiana case of *Gaudin v. Shell Oil Co.*, 132 F.R.D. 178 (E.D. La. 1990), which, at page 180, provides as follows:

> Defense counsel may not inquire into the details of plaintiff's conviction, other than the name of the crime, the time and place of conviction, and the punishment.

In essence, Plaintiff agrees with the Defendants that if convictions are found to be admissible under Federal Rules of Evidence 401, 403, 410 and 609, that the length of the sentence imposed, or "the punishment," is admissible. However, in this case it is irrelevant as the criminal records of the Plaintiff are inadmissible under Federal Rules of Evidence 401, 403 and 609, for the following reasons:

1. The convictions, which resulted from pleas of nolo contendre, are irrelevant as they have no probative value in this case;

2. Even if found to be relevant, whatever probative value the records may have is substantially outweighed by the danger of unfair prejudice; and

3. Records of the convictions, which resulted from pleas of nolo contendre, are inadmissible under FRE 410, 609(a) and/or FRE 609(b).

For these reasons, plaintiff, Beaux Cormier, respectfully requests that this Honorable Court grant his Motion in Limine to Exclude any evidence of Beaux Cormier's criminal records. Additionally, if any of plaintiff's criminal records are deemed admissible, then the plaintiff requests that this Court strictly limit the evidence to the parameters set by FRE 609 and the applicable jurisprudence.

Respectfully submitted,

/s/ Edward O. Taulbee, IV
Edward O. Taulbee, IV (No. 12669)
/s/ Christopher E. Taulbee
Christopher E. Taulbee (No. 30753)
P.O. Box 2038
Lafayette, LA 70502-2038
TEL: (337) 269-5005
FAX: (337) 269-5096
etaulbee@taulbeelaw.com
ctaulbee@taulbeelaw.com

/s/ Kenneth W. DeJean
KENNETH W. DEJEAN (#4817)
Post Office Box 4325
Lafayette, LA 70502
Phone: (337) 235-5294
Facsimile: (337) 235-1095
kwdejean@kwdejean.com
Co-counsel for Beaux Cormier

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of October, 2016, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Rufus Harris by operation of the court's e-filing system. I also certify that I have mailed by USPS this filing to the following non-CM/ECF participants: none.

/s/ Kenneth W. DeJean