UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF M&M WIRELINE &
OFFSHORE SERVICES, LLC

CIVIL ACTION

NO. 15-4999
C/W NO. 15-5338

SECTION: "G"(5)

## ORDER

Before the Court is Defendant M&M Wireline & Offshore Services, LLC's "Motion to Exclude the Report and Prospective Testimony of Robert Borison."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant in part and deny in part the motion.

## I. Background

### A.    *Factual Background*

In this litigation, Plaintiff Beaux Cormier ("Cormier") alleges that he was employed by Defendant M&M Wireline & Offshore Services, LLC ("M&M Wireline") as a deckhand on the M/V M&M 102.[2] Cormier states that on November 30, 2014, he was transported from a platform in the Grand Bay Field to the nearby M/V M&M 102 by a "Jon Boat" owned and/or operated by Defendant Saratoga Resources, Inc. ("Saratoga").[3] According to Cormier, the operator of the Jon Boat positioned the boat so that the front of the Jon Boat was near and/or pushed up against the

---

[1] Rec. Doc. 20.

[2] Rec. Doc. 6 at 10.

[3] *Id.* at 11.

1

side of the M/V M&M 102.[4] When Cormier attempted to step up onto the deck, he alleges that the Jon Boat backed away from the M/V M&M 102, requiring Cormier to jump back onto the Jon Boat.[5] As a result, Cormier avers that he lost his balance and landed partially on the Jon Boat and partially in the water, causing the injuries at issue in this case.[6] Cormier contends that the Jon Boat was not secured to the M/V M&M 102 in any way, nor were there other mechanisms in place to allow for safe ingress and egress to the M/V M&M 102.[7] Cormier alleges that at the time of his accident, the M/V M&M 102 was a vessel owned and operated by M&M Wireline and engaged in operations by Saratoga (collectively, "Defendants").[8] Cormier further alleges that Defendants are liable to him for the injuries caused by their negligent acts and for failing to provide seaworthy vessels.[9] Defendants argue that any injury Cormier sustained resulted solely from Cormier's own fault, and that Cormier's alleged back injury pre-existed the incident at issue in this litigation.[10]

**B.   *Procedural Background***

On October 6, 2015, M&M Wireline filed a complaint for exoneration or limitation of liability pursuant to Rule F(2) the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.[11] M&M Wireline filed an amended complaint on October 21, 2015.[12] Cormier

---

[4] *Id.*

[5] *Id.* at 11–12.

[6] *Id.*

[7] *Id.* at 10.

[8] *Id.*

[9] *Id.* at 12–14.

[10] Rec. Doc. 15 at 5–6.

[11] Rec. Doc. 1.

[12] Rec. Doc. 4.

filed his answer to M&M Wireline's complaint for limitation of liability and his own claims on November 25, 2015.[13] On July 18, 2016, M&M Wireline filed the instant motion.[14] On July 26, 2016, Cormier opposed the motion.[15]  On September 7, 2016, this Court granted in part and denied in part Cormier's similar motion to exclude M&M Wireline's marine safety expert witness.[16]

## II. Parties' Arguments

### A.    M&M Wireline's Arguments in Support of Motion to Exclude

M&M Wireline moves to exclude the prospective testimony of Cormier's designated expert on marine operations and safety, Robert E. Borison ("Borison").[17] First, M&M Wireline argues that Borison's report is not based on any scientific, technical, or specialized knowledge.[18] M&M Wireline asserts that the report merely lists the documents and depositions that Borison reviewed, and fails to say who conducted the Job Safety Analysis and the Root Cause Analysis mentioned in the report.[19]  M&M Wireline further states that Borison does not provide any analysis or factual support for his opinions, and thus his opinions should be excluded.[20]

Second, M&M Wireline argues that Borison's testimony is unnecessary because the facts here are "simple and straightforward" and do not require expert testimony.[21] M&M Wireline avers

---

[13] Rec. Doc. 6.

[14] Rec. Doc. 20.

[15] Rec. Doc. 29.

[16] Rec. Doc. 63.

[17] Rec. Doc. 20-1 at 1.

[18] *Id.* at 2.

[19] *Id.*

[20] *Id.* at 11 (citations omitted).

[21] *Id.* at 4–5.

that Borison's report and testimony are all within the common experience and knowledge of a lay factfinder.[22] M&M Wireline represents that district courts in the Fifth Circuit routinely exclude expert testimony as to "common sense safety hazards aboard vessels."[23] For example, M&M Wireline asserts that in *Matherne v. MISR Shipping*, another section of the Eastern District of Louisiana excluded expert testimony "regarding the safe means of ingress and egress onto a vessel when the issue of liability turned on whether the steps leading from the gangway to the vessel's main deck were properly secured."[24] M&M Wireline argues that the court there found that a fact finder was competent to determine whether the steps were properly secured without the assistance of a safety expert.[25] M&M Wireline avers that the same applies here, as Borison's opinions are not based on any specialized knowledge and a factfinder can evaluate whether Defendants should have used hand holds or ladders without expert assistance.[26] M&M Wireline asserts that Borison's citation to an OSHA regulation in his expert report is insufficient to warrant expert testimony and does not render his opinions helpful to the factfinder.[27] M&M Wireline represents that in *Thomas*

---

[22] *Id.* (quoting *Salem v. United States Lines Co.*, 370 U.S. 31, 36 (1962) ("That is, 'if all primary facts can be accurately and intelligibly described to the jury and they . . . are capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training, experience, or observation in respect to the subject under investigation,' then no expert testimony is needed.").

[23] *Id.* at 6 & n.13. (citing *McCord v. Fab-Con*, 2013 WL 3490964 (E.D. La. July 10, 2013) (Plaintiff tripped over a mooring line on a vessel); *Williams v. Triple C Enterprises*, 2011 WL 6819012 (E.D. La. July 28, 2011) (Plaintiff slipped and fell on a barge); *Roy v. Florida Marine Transporters*, 2004 WL 551208 (E.D. La. Mar. 18, 2004) (Plaintiff fell off milk crate he was standing to sand an area overhead); and *Thomas v. Global Explorer, LLC*, 2003 WL 943645 (E.D. La. Mar. 3, 2003) (Plaintiff fell off a ladder on the vessel).

[24] *Id.* at 6 (citing 1991 WL 99426, at 1 (E.D. La. May 31, 1999)).

[25] *Id.* at 7 (citing *Theodile v. Delmar Systems, Inc.*, 2006 WL 1751266, at 2 ("None of the opinions expressed are based on any scientific or technical knowledge beyond the understanding of an ordinary person" and "[the expert's] opinions] are merely based on his observations of the vessel and review of deposition testimony."); *Welch v. Noble Drilling (U.S.), Inc.*, No. 04-2689, 2005 WL 5950958, at *1 (E.D. La. Dec. 7, 2005) (Lemelle, J.) (excluding an expert report where the opinions therein were based simply on an inspection of the accident site)).

[26] *Id.*

[27] *Id.* at 8–9 (quoting *Simpson v. Betteroads Asphalt Corp.*, No. 11-056, 2013 WL 2255472, at  *3 (D.V.I.

*v. Global Explorer, LLC*, another court in the Eastern District of Louisiana excluded Borison's testimony because it intruded on the common sense of the factfinder, despite the fact that the expert report in that case also cited to OSHA regulations.[28]

Third, M&M Wireline argues that Borison's reference to OSHA regulation 29 C.F.R. § 1926.605(b) in his expert report is improper, as the regulation does not apply here.[29] M&M Wireline states that the regulation only applies to the construction industry and to employers, and it would be preempted by Coast Guard regulations if M&M Wireline's vessel "M&M 102" was an "inspected" vessel.[30] However, M&M Wireline states that Borison did not establish if the vessel was inspected or uninspected, and that, at any rate, the regulation would not apply to Defendant Saratoga because Saratoga was not Cormier's employer.[31] Moreover, M&M Wireline asserts that the regulation discusses ramps and walkways, whereas Borison stated in his report that "it would be difficult to provide (a ramp or gangway) in this situation."[32] Finally, even if it were applicable, M&M Wireline argues, a factfinder would not require expert testimony to determine if the OSHA regulation was violated.[33]

---

May 18, 2013) ("Merely citing OSHA definitions . . . does not provide any analysis involving 'scientific, technical, or other specialized knowledge' that would 'help the trier of fact to understand the evidence or to determine a fact in issue.'"))

[28] *Id.* (citing 2003 WL 943645 p. 2 (E.D. La. Mar. 3, 2003) (citing *Araujo v. Treasure Chest Casino, LLC*, 1999 WL 219771 (E.D. La Apr. 14, 1999)).

[29] *Id.* at 9.

[30] *Id.* (citing *Clary v. ODECO*, 609 F.2d 1120, 1122 (5th Cir. 1980); *Chao v. Mallard Bay Drilling , Inc.*, 534 U.S. 235 (2002); *Horton v. Andrie, Inc.*, 408 F.Supp.2d 477 (W.D. Mich 2005)).

[31] *Id.* at 9–10.

[32] *Id.* at 9.

[33] *Id.* at 10.

**B.      *Cormier's Arguments in Opposition to Motion to Exclude***

Cormier opposes M&M Wireline's motion to exclude Robert Borison's testimony and the opinions stated in his expert report.[34] First, Cormier argues that Borison's testimony would aid the factfinder because testimony regarding industry standards for safe personnel transfers between vessels, the application and necessity of handrails and handholds, the proper distance for a "safe step," and the duties owed by a vessel's captain to passengers of a vessel are all beyond the experiences and knowledge of the average factfinder.[35] Cormier points to multiple Eastern District of Louisiana cases where courts have found that similar expert testimony would aid the factfinder and permitted the expert to testify.[36] For example, Cormier argues that in *Williams v. McCall's Boat Rentals, Inc., et al*, another section of the Eastern District of Louisiana held that expert testimony on a captain's duties, obligations, and negligent acts would assist the trier of fact.[37] Likewise, in *Roy v. Florida Marine Transporters, Inc.*, Cormier states that the court found that Borison's testimony on industry safety standards should not be excluded, as it was not within the common knowledge of the factfinder.[38] Cormier also represents that in *Lewis v. Chet Morrison Contractors, LLC*, this Court found that Borison's testimony as a safety expert would be helpful to a factfinder in a case involving a plaintiff tripping on a catwalk of a barge.[39]

---

[34] Rec. Doc. 29 at 1.

[35] *Id.* at 5.

[36] *Id.* at 5–8.

[37] *Id.* at 6 (citing No. 99-1769, 2000 WL 1154602, at 1 (E.D. La. Aug. 14, 2000) (Porteous, J.)).

[38] *Id.* at 7 (citing No. 03-1195, 2004 WL 551208, at *4 (E.D. La. Mar. 18, 2004) (Vance, J.)).

[39] *Id.* at 8 (citing 959 F. Supp. 2d 962 (E.D. La. 2013) (Brown, J.)). *See also Singleton v. Fieldwood Energy, LLC*, No. 15-5558, 2016 WL 3940279, at *3 (E.D. La. July 21, 2016) (Africk, J.) (denying a motion to exclude Borison's testimony in that case, finding that issues involving job responsibilities, chain of command, and alternative methods for completing a task "may be less than obvious to a lay juror." (internal citations and quotation marks

Here, Cormier argues that the factfinder will also likely be called on to assess similar matters, such as the alleged failure of the Jon Boat captain to follow safe work procedures, the job responsibilities of the Jon Boat captain, alternative methods for completing the task of safely moving from two vessels, and various marine and safety industry standards and training.[40] Moreover, Cormier points out that Defendants' stance is inconsistent with their decision to also retain a "marine safety" expert in this matter.[41]

Second, Cormier denies that Borison's expert report lacks a reliable foundation for his expressed opinions.[42] Cormier contends that Borison is highly qualified to offer his opinions based on his specialized training, experience, and knowledge, as well as his decades of experience in the marine safety industry.[43] In addition to the sources stated in his expert report, Cormier asserts that Borison's affidavit states that Borison reviewed two more depositions that were taken after his expert report was filed, and that they provided additional support for his opinions listed in the expert report.[44] Moreover, Cormier argues that Borison's report clarifies that he conducted a Root Cause Analysis of this accident himself, because Defendants did not, and "[t]hus, his entire report is essentially a Root Cause Analysis."[45]

---

omitted)).

[40] *Id.* at 7.

[41] *Id.* at 9.

[42] *Id.* at 7.

[43] *Id.* at 7, 14–15.

[44] *Id.* at 8–9.

[45] *Id.* at 9.

Finally, Cormier contends that Borison's reference to OSHA regulations was merely to suggest that the "trier of fact *may want* to use the following as a *Standard of Care for the industry*."[46] Cormier points to *National Marine Service, Inc. v. Gulf Oil Co.*, where another court in the Eastern District of Louisiana found that OSHA regulations "may be referred to as guides for the determination of standards of care."[47] Likewise, in *Lee v. Central Gulf Towing, L.L. C., et al.*, Cormier represents that another section of the Eastern District of Louisiana held that OSHA ladder standards cited by Borison in another case may be consulted as a guide for ladder safety, even if it was limited to land based facilities and not directly applicable to vessels.[48] Cormier avers that in another Eastern District of Louisiana case, the court held that objections to the standards used by an expert go to weight, not admissibility, and should be highlighted on cross-examination.[49]

Here, Cormier states that Borison only refers to the OSHA regulation on "[a]ccess to barges," which states that "[u]nless employees can step safely to or from the wharf, float, barge, or river towboat, either a ramp . . . or safe walkway, shall be provided."[50] Cormier contends that Borison did not state whether or not this provision was violated by Defendants, but rather that it is applicable as a guide for "one of the central issues in this case: the proper and safe ingress and egress from vessels."[51] Moreover, in response to M&M Wireline's assertion that this regulation only applies to uninspected vessels, Cormier contends that Borison cited the deposition of Martin

---

[46] *Id.* at 11 (emphasis added).

[47] *Id.* (citing 433 F. Supp. 913, 919 (E.D. La. 1977)).

[48] *Id.* at 12 (citing No. 04-1497, 2005 WL 6773727, at 1 (E.D. La. Aug. 1, 2005) (Duval, J.)).

[49] *Id.* at 12–13 (quoting *Hagrave v. Blake Drilling & Workover Co., et al*, No. 07-985, 2008 WL 2625524, at *1 (E. D. La. Feb. 12, 2008) (Africk J.)).

[50] *Id.* at 11 (quoting 29 C.F.R. § 1926.605(b)(2)).

[51] *Id.*

Quiram, the owner of M&M Wireline, where Quiram stated the Coast Guard did not inspect the M/V M&M 102 vessel.[52] Finally, Cormier argues that M&M Wireline's argument that the OSHA regulation does not apply to its co-defendant Saratoga is an argument that Saratoga should have made, and that M&M Wireline only supports with a non-binding case decided by the First Circuit Court of Appeals based on different facts.[53]

### III. Law and Analysis

#### A.    *Legal Standard*

The district court has considerable discretion to admit or exclude expert testimony under Federal Rule of Evidence 702, which governs the admissibility of expert witness testimony.[54] Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.[55]

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court held that Rule 702 requires the district court to act as a "gatekeeper" to ensure that "any and all scientific testimony

---

[52] *Id.* (citing Rec. Doc. 20-4 at 8).

[53] *Id.* at 14 (citing *Keller v. United States of America*, 38 F.3d 16 (1st Cir. 1994)).

[54]  *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 138–39 (1997); *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 371 (5th Cir. 2000).

[55]  Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

or evidence admitted is not only relevant, but reliable."[56] The overarching goal "is to make certain that an expert, whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."[57] The court must also determine whether the expert's reasoning or methodology "fits" the facts of the case and whether it will thereby assist the trier of fact to understand the evidence—in other words, whether it is relevant.[58]

A court's role as a gatekeeper does not replace the traditional adversary system,[59] and "[a] review of the caselaw after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule."[60] As the Supreme Court noted in *Daubert*, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[61] "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility."[62]

**B.    *Analysis***

M&M Wireline presents three grounds for excluding Cormier's expert "marine safety"

---

[56] *Daubert*, 509 U.S. at 589; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) (clarifying that the court's gatekeeping function applies to all forms of expert testimony).

[57] *Kumho Tire*, 526 U.S. at 152.

[58] *See Daubert*, 509 U.S. at 591; Fed. R. Evid. 702.

[59] *See Daubert*, 509 U.S. at 596.

[60] Fed. R. Evid. 702 advisory committee's note to 2000 Amendments.

[61] *Daubert*, 509 U.S. at 596 (citing *Rock v. Arkansas*, 483 U.S. 44, 61 (1987)).

[62] *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987).

witness, Robert Borison: (1) Borison's opinions are not based on any scientific, technical, or specialized knowledge; (2) Borison's testimony is within the common experience and knowledge of a lay factfinder; and (3) Borison improperly references an OSHA regulation.[63]

### 1. Whether Borison's opinions are based on scientific, technical, or specialized knowledge

First, M&M Wireline argues that Borison's report consists of "unfounded and unsubstantiated opinions" not based on any analysis, factual support, or scientific, technical, or specialized knowledge.[64] Rather, M&M Wireline asserts that the report is only "based on subjective belief or unsupported speculations" that should not be admitted at trial.[65] Cormier responds that Borison's report and opinions rest on a reliable foundation, as he is highly qualified to offer such opinions, stated the sources of his opinions in his expert report, reviewed additional material as it became available after filing his expert report, and conducted his own Root Cause Analysis of the accident.[66]

Rule 702 of the Federal Rules of Evidence gives the Court considerable discretion over the admission of expert testimony.[67] As stated *supra*, for the expert testimony to be admissible, Rule 702 requires that the testimony be based on "sufficient facts or data" and proper application of "reliable principles and methods" to the facts of this case.[68] Here, M&M Wireline does not

---

[63] *See* Rec. Doc. 20.

[64] Rec. Doc. 20-1 at 2.

[65] *Id.* at 11 (citations omitted).

[66] Rec. Doc. 29 at 7–9, 14–15.

[67] *See Suazo v. Atl. Sounding Co.*, No. 05-6043, 2009 WL 3254446, at *1 (E.D. La. Mar. 10, 2009) (Vance, J.).

[68] *Id.*

challenge Borison's qualifications to testify as a marine safety and liability expert. Rather, it avers that Borison's opinions are not based on sufficient factual or other support or on any specialized knowledge, and thus his testimony is inadmissible under Federal Rules of Evidence 702.[69]

The Court notes that Borison's proposed testimony appears to be founded on his extensive maritime and marine safety experience and knowledge,[70] and his expert report lists fourteen different documents that Borison "reviewed in preparation for this report."[71] Cormier also avers that Borison reviewed two more depositions that were taken after his expert report was filed, and that Borison represents that these depositions provided further support for his opinions.[72] While M&M Wireline asserts that Borison "simply lists the depositions and documents that he reviewed," the Court notes that Borison references specific facts, testimony, photographic evidence, and circumstances upon which Borison supports his opinions.[73] Moreover, though the expert report does not provide extensive detail as to how Borison used or relied on the Job Safety Analysis and Root Cause Analysis, the report does state that Borison used these "widely recognized and accepted accident investigation analysis principles and methods" in his investigation and analysis of this accident.[74] Therefore, the Court finds that Borison's expert testimony is based on sufficient facts, data, and specialized knowledge, and is thus admissible under Rule 702.

The Court further notes that M&M Wireline's objection to Borison's testimony is precisely

---

[69] Rec. Doc. 20-1 at 10–12.

[70] *See* Rec. Doc. 29 at 14–15; Rec. Doc. 29-4 (Robert Borison's Curriculum Vitae).

[71] *See* Rec. Doc. 20-4 at 2.

[72] Rec. Doc. 29 at 8–9.

[73] *See* Rec. Doc. 20-4 at 5–6.

[74] *Id.* at 3.

the sort that is best addressed through "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof."[75] A court's role as a gatekeeper does not replace the traditional adversary system,[76] and "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility."[77] For example, in *Lewis v. Chet Morrison Contractors, LLC*, this Court denied a motion to exclude Borison from testifying in a similar case, finding, *inter alia*, that arguments that Borison's expert conclusions were unfounded from the evidence he reviewed only affected the weight assigned to the opinions, rather than their admissibility.[78] Because cross-examination would effectively serve M&M Wireline's ultimate purposes, and because questions relating to the bases of an expert's opinion generally go to the weight, rather than the admissibility, of an expert opinion,[79] the Court finds there are sufficient grounds to establish the reliability of Borison's own opinions.

### 2.     Whether Borison's testimony would be helpful to the factfinder

Second, M&M Wireline argues that Borison's opinions and testimony should not be admitted because they are within the factfinder's common experience and knowledge.[80] M&M Wireline contends that the "simple facts" involving "common sense safety hazards aboard vessels"

---

[75] *Daubert*, 509 U.S. at 596 (citing *Rock v. Arkansas*, 483 U.S. 44, 61 (1987)).

[76] *See id.*

[77] *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987).

[78] 959 F. Supp. 2d 962 (E.D. La. 2013) (Brown, J.) (citing *Viterbo v. Dow Chemical Co.*, 826 F.2d 420 (5th Cir. 1987)).

[79] *United States v. 14.38 Acres of Land, More or Less Sit. in Leflore County, Miss.*, 80 F.3d 1074, 1077 (5th Cir.1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

[80] Rec. Doc. 20-1 at 4–6.

are all "within the understanding of any fact-finder."[81] Cormier responds that Borison's expert testimony will assist the factfinder in determining the issues in this case, and Cormier cites several Eastern District of Louisiana cases that have permitted expert testimony in analogous circumstances.[82]

Pursuant to Rule 702 of the Federal Rules of Evidence, expert testimony is admissible when, *inter alia*, "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." The Fifth Circuit has held that expert testimony is unnecessary when the evidence presented by the expert is merely common knowledge, which the Fifth Circuit has likened to "the experiences of a layman."[83] As the advisory committee notes for Federal Rules of Evidence 702 state, courts should consider "the common sense inquiry [of] whether the untrained layman would be qualified to determine intelligently" the issues before the factfinder "without enlightenment from those having a specialized understanding of the subject."[84] Therefore, whether expert testimony will be helpful to the fact finder is to be determined based on the specific factual circumstances of each case.

In *Lewis v. Chet Morrison Contractors, LLC*, this Court found that Borison's testimony as a safety expert involving a plaintiff tripping on a catwalk of a barge would assist the factfinder and

---

[81] *Id.* at 6.

[82] *Id.* at 5–7 (citing *Williams v. McCall's Boat Rentals, Inc., et al*, No. 99-1769, 2000 WL 1154602, at *1 (E.D. La. Aug. 14, 2000) (Porteous, J.); *Roy v. Florida Marine Transporters, Inc.*, No. 03-1195, 2004 WL 551208, at *4 (E.D. La. Mar. 18, 2004) (Vance, J.); *Lewis v. Chet Morrison Contractors, LLC*, 959 F. Supp. 2d 962 (E.D. La. 2013) (Brown, J.); *Singleton v. Fieldwood Energy, LLC*, No. 15-5558, 2016 WL 3940279, at *3 (E.D. La. July 21, 2016) (Africk, J.)).

[83] *Woods v. U.S. Gov't*, 2011 WL 857007, at *2 (5th Cir. 2011) (citing *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008)).

[84] Fed. R. Evid. 702 advisory committee's notes to the 1972 proposed rules.

was thus admissible under Rule 702.[85] As the Court has found Defendants' marine safety expert's testimony admissible in this matter,[86] the Court similarly finds Cormier's marine expert's testimony sufficiently relevant and tied to the facts of this case such that it could aid the factfinder in resolving this dispute.[87]

### 3.      Whether Borison may reference OSHA regulations

Finally, M&M Wireline argues that Borison improperly references an OSHA regulation in his expert report that does not apply here.[88] M&M Wireline states that the regulation only applies to the construction industry and uninspected vessels.[89] In response, Cormier argues that Borison referenced the OSHA regulation as only a suggested guide to determine the standard of care, and that Borison does not opine on any legal conclusions or on whether Defendants violated the regulation.[90] Cormier also states that the expert report notes that the vessel was not inspected by the Coast Guard.[91] While Cormier asserts that 29 C.F.R. § 1926.605(b)(2) thus applies to both Defendants in this case, Cormier does not address Defendants' argument that the regulation only

---

[85] 959 F. Supp. 2d 962 (E.D. La. 2013) (Brown, J.) (citing *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003)).

[86] Rec. Doc. 63 at 24–25.

[87] *Lee v. Cent. Gulf Towing, L.L.C.*, No. 04-1497, 2005 WL 6773727, at *2 (E.D. La. Aug. 1, 2005) (Duval, J.) (stating that whether proposed expert testimony will assist the factfinder "goes primarily to the issue of relevancy" and is determined by whether the proffered testimony "is sufficiently tied to the facts of the case.").

[88] Rec. Doc. 20-1 at 9.

[89] *Id.*

[90] Rec. Doc. 29 at 11–13 (citing *Hagrave v. Blake Drilling & Workover Co., et al*, No. 07-985, 2008 WL 2625524, at *1 (E. D. La. Feb. 12, 2008) (Africk, J.); *Lee v. Central Gulf Towing, L.L. C., et al.*, No. 04-1497, 2005 WL 6773727 (E.D. La. Aug. 1, 2005) (Duval, J.); *National Marine Service, Inc. v. Gulf Oil Co.*, 433 F. Supp. 913, 919 (E.D. La. 1977) (Rubin, J.)).

[91] *Id.* at 11, 14.

applies to the construction industry.[92]

OSHA regulation 29 C.F.R. § 1926.605(b)(2), listed under Part 1926's "Safety and Health Regulations for Construction," provides that "[u]nless employees can step safely to or from the wharf, float, barge, or river towboat, either a ramp . . . or a safe walkway, shall be provided." Pursuant to 29 C.F.R. § 1910.12(a), the standards in Part 1926 only apply "to every employment and place of employment of every employee engaged in construction work."[93] The regulation further defines "construction work" as "work for construction, alteration, and/or repair, including painting and decorating."[94] In *Commings v. Mike Hooks Inc.*, the Fifth Circuit found that an OSHA regulation under Part 1926 did not apply to an injured deckhand in a Jones Act case, as the injuries the plaintiff sustained "simply do not suggest that he was engaged in 'construction.'"[95]

Here, M&M Wireline argues that, because this OSHA regulation only applies to the construction industry, it is "patently inapplicable" and should be excluded as irrelevant.[96] While Cormier asserts in response that 29 C.F.R. § 1926.605(b)(2) applies to both Defendants in this case, Cormier does not specifically state how the OSHA regulation applies here or if the parties were "engaged in construction work" such that the regulation would apply.[97] Moreover, Cormier avers that Borison will not opine on any legal conclusions or testify that the Defendants violated the provision, and will merely point to the regulation for the factfinder to "potentially apply" as a

---

[92] *See* Rec. Doc. 29 at 10–14.

[93] *See Commings v. Mike Hooks Inc.*, 354 F. App'x 834, 836 (5th Cir. 2009).

[94] 29 C.F.R. § 1910.12(b); *see Commings*, 354 F. App'x at 836.

[95] *Commings*, 354 F. App'x at 836–37.

[96] Rec. Doc. 20-1 at 10.

[97] *See* Rec. Doc. 29 at 10–14.

standard of care in determining liability under the Jones Act and General Maritime Law.[98]

Under the Jones Act, a seaman is entitled to recovery if his employer's negligence is the cause, in whole or in part, of the seaman's injury.[99] An employer must adhere to the standard of care of "ordinary prudence under the circumstances."[100] Thus, an employer "has a continuing duty to provide a reasonably safe place to work and to use ordinary care to maintain the vessel in a reasonably safe condition."[101] The seaman is likewise obligated to act with ordinary prudence under the circumstances.[102] To establish a claim of unseaworthiness under General Maritime Law, a plaintiff must prove "that the owner has failed to provide a vessel, including her equipment and crew, which is reasonably fit and safe for the purposes for which it is to be used."[103] "A vessel can be unseaworthy if its 'gear [is] defective,' its 'appurtenances [are] in disrepair,' or its 'crew [is] unfit,'" or an otherwise "unsafe method of work" renders the vessel unseaworthy.[104]

In support of his argument that the OSHA regulation is relevant, Cormier asserts that

---

[98] Rec. Doc. 29 at 11.

[99] *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 335 (5th Cir. 1997).

[100] *Lett v. Omega Protein, Inc.*, 487 F. App'x 839, 843 (5th Cir. 2012) (citing *Gautreaux*, 107 F.3d at 338).

[101] *Id.* (citing 1 Admiralty & Maritime Law § 6–22 (5th ed.)) (quotation marks omitted).

[102] *Gautreaux*, 107 F.3d at 339.

[103] *Lett*, 487 F. App'x at 844 (citing *Jackson v. OMI Corp.*, 245 F.3d 525, 527 (5th Cir. 2001)) (quotation marks omitted). *See also Jackson v. OMI Corp.*, 245 F.3d 525, 527–28 (5th Cir. 2001) (citing *Gutierrez v. Waterman S.S. Corp.*, 373 U.S. 206 (1963); *Bowser v. Lloyd Brasileiro S.S. Co.*, 417 F.2d 779 (5th Cir. 1969)).

[104] *Lett*, 487 F. App'x at 844 (citing *Usner v. Luckenbach Overseas Corp.*, 400 U.S. 494, 499 (1971); *Rogers v. Eagle Offshore Drilling Servs., Inc.*, 764 F.2d 300, 303 (5th Cir. 1985)). *See also Atl. Sounding Co. v. Smith*, No. 15-2663, 2016 WL 7404521, at *3–4 (E.D. La. Dec. 22, 2016) (Milazzo, J.) ("A vessel is unseaworthy only if it presents an unreasonable risk of harm to the seaman. The owner is not obligated to furnish an 'accident-free' ship. Seaworthiness requires only that a vessel and its appurtenances be reasonably suited for its intended purpose or use.") (citing *Patterson v. Omega Protein, Inc.*, 26 F. Supp. 3d 544, 547–48 (E.D. La. 2014)).

several courts in the Eastern District of Louisiana have allowed experts to reference potentially inapplicable OSHA regulations to serve as a guide for determining the standard of care in Jones Act cases.[105] However, Cormier has not cited any case or law that establishes that this OSHA regulation could apply here, and the district court cases cited by Cormier offer no supporting rationale regarding the relevancy of such testimony.[106] Cormier has pointed to no controlling case law, nor has the Court found any, that stands for the proposition that the standard of care in a Jones Act case may be determined by inapplicable OSHA regulations. Indeed, in *Vallot v. Central Gulf Lines, Inc.*, the Fifth Circuit upheld a district court's refusal to take judicial notice of OSHA regulations in a Jones Act case, holding that the OSHA regulations did not apply and thus "have no relevance."[107] Accordingly, the Court finds that Borison's expert testimony regarding OSHA regulation 29 C.F.R. § 1926.605(b)(2) is irrelevant and should be excluded.

## IV. Conclusion

For the reasons stated above, the Court finds that Borison's expert testimony is based on sufficient facts, data, and specialized knowledge and would be helpful to the fact finder, and is thus admissible under Rule 702. The Court notes that M&M Wireline's objections to Borison's testimony are best addressed through cross-examination. The Court further finds that Borison's anticipated testimony that the fact finder "may want to use" an inapplicable OSHA regulation to determine the standard of care here is irrelevant and should be excluded. Accordingly,

**IT IS HEREBY ORDERED** that M&M Wireline's "Motion to Exclude the Report and

---

[105] *Id.* at 10–13 (citing *Lee*, 2005 WL 6773727, at *5; N*ational Marine Service, Inc.*, 433 F. Supp. at 913)).

[106] *See, e.g.*, *Lee*, 2005 WL 6773727, at *5 (stating, without citing to controlling case law, that inapplicable OSHA regulations may be consulted as a guide).

[107] 641 F.2d 347, 351 (5th Cir. 1981).

Prospective Testimony of Robert Borison"[108] is **GRANTED IN PART** to the extent that Borison's references to OSHA regulation 29 C.F.R. § 1926.605(b)(2) are excluded and **DENIED IN PART** to the extent that the rest of Borison's testimony is admissible under Federal Rule of Evidence 702**.**

**NEW ORLEANS, LOUISIANA**, this 3rd  day of February, 2017.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[108] Rec. Doc. 23.