**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**IN THE MATTER OF M&M WIRELINE & OFFSHORE**           **CIVIL ACTION**
**SERVICES, LLC**

                                                                                      **NO. 15-4999**
                                                                                      **C/W NO. 15-5338**

                                                                                      **SECTION: "G"(5)**

<u>**ORDER**</u>

Before the Court are Plaintiff Beaux Cormier's "Motion in Limine to Exclude the Criminal Records of Beaux Cormier,"[1] "Supplemental and Amended Motion in Limine to Exclude the Criminal Records of Beaux Cormier,"[2] and "Motion to Strike Defendant's Proposed Finding of Fact No. 4."[3] Having considered the motions, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant in part and deny in part Cormier's "Motion in Limine to Exclude the Criminal Records of Beaux Cormier,"[4] and deny as moot Cormier's Supplemental and Amended Motion in Limine to Exclude the Criminal Records of Beaux Cormier"[5] and "Motion to Strike Defendant's Proposed Finding of Fact No. 4."[6]

---

[1] Rec. Doc. 81.

[2] Rec. Doc. 119.

[3] Rec. Doc. 93.

[4] Rec. Doc. 81.

[5] Rec. Doc. 119.

[6] Rec. Doc. 93.

# I. Background

## A.    *Factual Background*

In this litigation, Plaintiff Beaux Cormier ("Cormier") alleges that he was employed by Defendant M&M Wireline & Offshore Services, LLC ("M&M Wireline") as a deckhand on the M/V M&M 102.[7] Cormier states that on November 30, 2014, he was transported from a platform in the Grand Bay Field to the nearby M/V M&M 102 by a "Jon Boat" owned and/or operated by Defendant Saratoga Resources, Inc. ("Saratoga").[8] According to Cormier, the operator of the Jon Boat positioned the boat so that the front of the Jon Boat was near and/or pushed up against the side of the M/V M&M 102.[9] When Cormier attempted to step up onto the deck, he alleges that the Jon Boat backed away from the M/V M&M 102, requiring Cormier to jump back onto the Jon Boat.[10] As a result, Cormier avers that he lost his balance and landed partially on the Jon Boat and partially in the water, causing the injuries at issue in this litigation.[11] Cormier contends that the Jon Boat was not connected or secured to the M/V M&M 102 in any way, nor were there other mechanisms in place to allow for safe ingress and egress to the M/V M&M 102.[12] Cormier alleges that at the time of his accident, the M/V M&M 102 was a vessel owned and operated by M&M Wireline and engaged in operations by Saratoga.[13] Cormier further alleges that Defendants M&M

---

[7] Rec. Doc. 6 at 10.

[8] *Id.* at 11.

[9] *Id.*

[10] *Id.* at 11–12.

[11] *Id.*

[12] *Id.* at 10.

[13] *Id.*

Wireline and Saratoga (collectively, "Defendants") are liable to him for the injuries caused by their negligent acts and for failing to provide seaworthy vessels.[14] Defendants argue that any injury Cormier sustained resulted solely from Cormier's own fault, and that Cormier's alleged back injury pre-existed the incident at issue in this litigation.[15]

## B.   *Procedural Background*

On October 6, 2015, M&M Wireline filed a complaint for exoneration or limitation of liability pursuant to Rule F(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.[16] M&M Wireline filed an amended complaint on October 21, 2015.[17] Cormier filed his answer to M&M Wireline's complaint for limitation of liability and his own claims on November 25, 2015.[18]

Before the Court are Plaintiff Beaux Cormier's "Motion in Limine to Exclude the Criminal Records of Beaux Cormier,"[19] "Supplemental and Amended Motion in Limine to Exclude the Criminal Records of Beaux Cormier,"[20] and "Motion to Strike Defendant's Proposed Finding of Fact No. 4."[21]

---

[14] *Id.* at 12–14.

[15] Rec. Doc. 15 at 5–6.

[16] Rec. Doc. 1.

[17] Rec. Doc. 4.

[18] Rec. Doc. 6.

[19] Rec. Doc. 81.

[20] Rec. Doc. 119.

[21] Rec. Doc. 93.

On September 15, 2016, Cormier filed his "Motion in Limine to Exclude the Criminal Records of Beaux Cormier.[22] On September 22, 2016, Defendants opposed the motion.[23]  With leave of Court, Cormier filed a reply.[24] On December 8, 2016, Cormier filed his "Supplemental and Amended Motion in Limine to Exclude the Criminal Records of Beaux Cormier."[25] On February 2, 2017, Defendants filed an opposition.[26] With leave of Court, Cormier filed a reply.[27] Additionally, on September 22, 2016, Cormier filed his "Motion to Strike Defendant's Proposed Finding of Fact No. 4."[28] On September 23, 2016, Defendants filed an opposition.[29]

## II. Parties' Arguments

### A.   *Cormier's "Motion in Limine to Exclude the Criminal Records of Beaux Cormier"*

#### 1.   Cormier's Arguments in Support of the Motion

In his motion, Cormier argues that this Court should exclude any evidence of Cormier's criminal records from trial.[30] First, Cormier avers that Defendants' exhibit list and the parties' proposed Pre-Trial Order include the overly vague statement that Defendants wish to introduce the "Criminal records of Beaux Cormier." [31] Cormier asserts that this is a vague and overbroad

---

[22] Rec. Doc. 81.

[23] Rec. Doc. 92.

[24] Rec. Doc. 103.

[25] Rec. Doc. 119.

[26] Rec. Doc. 126.

[27] Rec. Docs. 128, 132.

[28] Rec. Doc. 93.

[29] Rec. Doc. 94.

[30] Rec. Doc. 81 at 2.

[31] *Id.* at 2.

designation that does not specify which records Defendants plan to introduce or provide an appropriate description as required by the Court's Pre-Trial Notice.[32] Second, Cormier contends that evidence of any criminal records should be excluded under Federal Rules of Evidence 401, 403, and 609.[33] Cormier argues that the records are irrelevant pursuant to Rule 401, and any probative value they may have is substantially outweighed by the danger of unfair prejudice pursuant to Rule 403.[34] According to Cormier, the records are also inadmissible pursuant to Rule 609, as more than ten years have passed since the convictions and any probative value they may have is outweighed by its prejudicial effect.[35]

Additionally, Cormier alleges that evidence of any convictions arising from nolo contendere pleas should be excluded pursuant to Federal Rule of Evidence 410.[36] Finally, Cormier asserts that if the Court finds the evidence of criminal records to be admissible, the evidence should be limited to the name of the crime, the time and place of conviction, and the punishment.[37]

### 2.     Defendants' Arguments in Opposition to the Motion

Defendants oppose Cormier's motion to exclude evidence of his criminal records.[38] First, Defendants argue that the criminal records are admissible for impeachment purposes under Federal

---

[32] *Id.* at 2.

[33] Rec. Doc. 81 at 3.

[34] *Id.*; Rec. Doc. 81-1 at 6.

[35] Rec. Doc. 81 at 3.

[36] Rec. Doc. 81-1 at 7.

[37] *Id.* at 8–9.

[38] Rec. Doc. 92.

Rule of Evidence 609.[39] Defendants allege that Cormier was convicted of a simple burglary felony in 2009 while he was already serving time after his probation was revoked for a 2004 conviction for carnal knowledge of a juvenile.[40] According to Defendants, Cormier was sentenced to five years in prison for the simple burglary conviction to be served concurrently with the seven and a half year sentence for the carnal knowledge of a juvenile conviction.[41] Defendants point out that under Federal Rule of Evidence 609(b), a felony conviction is admissible if the criminal defendant was either convicted or was still serving jail time for the conviction within the past ten years.[42]

Second, Defendants aver that Cormier's criminal records may also be offered as relevant evidence for the issue of Cormier's future earnings.[43] Defendants argue that the criminal records show that Cormier has repeatedly gone to prison, making it difficult to maintain a job and creating a "major hindrance getting hired in the future."[44] Additionally, Defendants argue that while a no-contest plea itself may not be admissible as evidence, it does not mean the underlying felony conviction based on the plea is inadmissible as well.[45] Defendants aver that the limitations under Rule 609 as to what information regarding the conviction is admissible does not apply when the criminal records are not used for impeachment purposes, such as when they are relevant to

---

[39] *Id.* at 1.

[40] *Id.* at 1–2.

[41] *Id.* at 2.

[42] *Id.*

[43] *Id.* (citing *Marzett v. Seatrade Reefer Chartering, N. V.,* No. 13–5270, 2015 WL 1415277, at *1 (E.D. La. March 27, 2015) (Milazzo, J.)).

[44] *Id.* at 2–3.

[45] *Id.* at 3.

Cormier's future employability and likely future earnings.[46] Defendants contend that there is no undue prejudice here, as the fact that Cormier's criminal records "paint him in a bad light is one of the reasons they are relevant to his future employability and likely future earnings."[47]

### 3.      Cormier's Reply in Further Support of the Motion

Cormier argues in response that because his convictions for simple burglary and carnal knowledge of a juvenile resulted from pleas of nolo contendere, they are inadmissible under Federal Rule of Evidence 410.[48] Cormier asserts that while his conviction for simple burglary in 2009 was within the 10-year period for admissible convictions under Federal Rule of Evidence 609(b), it should be excluded under Rule 609(a)(1)(A) as the probative value is substantially outweighed by the danger of unfair prejudice.[49]

Cormier represents that he pled nolo contendere to a felony carnal knowledge of a juvenile charge in 2002 when he was seventeen years old, and that he received a suspended sentence of seven and a half years and placed on five years of supervised probation.[50] Cormier avers that in 2007, his probation was revoked after failing to appear at a probation revocation hearing and he was sentenced to serve the seven and a half years with credit for time served.[51] Cormier thus contends that he was serving a sentence because his probation was revoked, and not because of his felony carnal knowledge of a juvenile conviction, and so that conviction should still be excluded

---

[46] *Id.* at 4.

[47] *Id.* at 5.

[48] Rec. Doc. 103 at 2.

[49] *Id.*

[50] *Id.* at 3.

[51] *Id.*

as being more than ten years old.[52] Cormier argues that the carnal knowledge of a juvenile conviction has no relevance or probative value, and any probative value it may have is substantially outweighed by the danger of unfair prejudice; thus, Cormier asserts that it should be excluded under Federal Rule of Evidence 609(a)(1)(A).[53] Cormier points out that this Court previously excluded from evidence Cormier's driver license, bearing the phrase "sex offender" on it, after Defendants "concede[d] the point" that it should be excluded.[54] Cormier further avers that he was never convicted of "cruelty to animals" as Defendants suggested, as the misdemeanor charge was dismissed in December of 2007.[55] Cormier argues that evidence of mere arrests and criminal charges is not admissible.[56]

Furthermore, Cormier alleges that the fact that M&M Wireline hired him within a few weeks after being released from prison contradicts Defendants' argument that Cormier's convictions are relevant to his future earning capacity.[57] Cormier points out that he has not been incarcerated again since his release in 2011 or convicted of any other crime since he pled nolo contendere to the simple burglary charge in 2009.[58] Cormier also asserts that Defendants' economic expert, J. Stuart Wood, made no mention of Cormier's criminal records when calculating

---

[52] *Id.* at 5–6.

[53] *Id.* at 3.

[54] *Id.* at 4.

[55] *Id.* at 8.

[56] *Id.*

[57] *Id.* at 6.

[58] *Id.* at 7.

Cormier's future losses.[59] Moreover, Cormier argues that Defendants' vocational rehabilitation expert, Barney Hegwood, only mentions Cormier's criminal records in his report, but does not indicate that it would have an adverse impact on Cormier's employability or future earnings.[60]

**B.      *Cormier's "Supplemental and Amended Motion in Limine to Exclude the Criminal Records of Beaux Cormier"***

### 1.      Cormier's Arguments in Support of the Motion

In this motion, Cormier argues that Defendants have engaged in a pattern of "overstating and/or mischaracterizing the criminal history" of Cormier in "a concerted effort to create a bias and unfairly prejudice this Honorable Court by repeatedly relying on inadmissible evidence and making false representations."[61] For example, Cormier points out that Defendants stated in a reply brief filed in support of Defendants' motion for partial summary judgment that Cormier was convicted "for the forcible rape of [a] child," which Cormier contends is "patently false."[62] Likewise, Cormier avers that in another filing, Defendants stated that the evidence shows that Cormier "is frequently untruthful and quite frankly, a reprehensible human being . . . even if the evidence of his criminal records is not admitted, it does not change the fact that he was incarcerated for those crimes and what that says about what kind of person that he is and whether or not he is credible."[63]

---

[59] *Id.* at 7–8.

[60] *Id.* at 8.

[61] Rec. Doc. 119 at 2.

[62] *Id.*

[63] *Id.* at 3–4.

Cormier asserts that Defendants' repeated reliance on inadmissible evidence, patently false statements, and misrepresentations of Cormier's criminal records demonstrates the unfair prejudice of this evidence.[64] Therefore, Cormier argues that the evidence should be excluded under Rule 403 or Rule 609 of the Federal Rules of Evidence.[65]

### 2. Defendants' Arguments in Opposition to the Motion

Defendants assert in response that Cormier argument that his criminal records should be excluded as a sanction is baseless, and the motion should be denied.[66] Defendants aver that the Federal Rules of Evidence determines the admissibility of evidence, and that banning admissible evidence is a harsh sanction for severe misconduct.[67] Defendants argue that the conduct of which Cormier complains does not warrant a sanction of any kind, as it only involves inadvertent errors in reading Cormier's criminal records.[68] Defendants point out that their references to Cormier's criminal history were all relevant to the issues in this trial.[69]

### C. Cormier's "Motion to Strike Defendant's Proposed Finding of Fact No. 4"

### 1. Cormier's Arguments in Support of the Motion

Cormier avers that in Defendants' "Proposed Findings of Fact and Conclusions of Law," Defendants' Proposed Finding of Fact No. 4 states the following:

Cormier was initially incarcerated in 2004 after being convicted on November 17, 2004 of the forcible rape of a 12 year old child and sentenced to seven and a half years of hard labor which was to run concurrently with his conviction for another

---

[64] *Id.* at 4.

[65] *Id.* at 4–5.

[66] Rec. Doc. 126 at 1.

[67] *Id.*

[68] *Id.* at 2.

[69] *Id.* at 3.

offense. He was given five years of supervised probation for that crime. The probation was revoked on May 24, 2007 when he was convicted of simple burglary. His original sentence for the forcible rape was reinstated and he was incarcerated. He was released from prison after serving his seven year sentence in October 2014 – just a few weeks before starting work at M&M Wireline.[70]

Cormier argues that Defendants' Proposed Finding of Fact No. 4 should be stricken from the record because it is incorrect and "a blatant misrepresentation" of Cormier's criminal history.[71] Cormier contends that the records are also irrelevant and unduly prejudicial, and evidence of a nolo contendre plea should be excluded pursuant to Rule 609.[72] Cormier asserts that Defendants included this information to prejudice the trier of fact with incorrect and inadmissible information, and thus it should not be considered.[73]

### 2.    Defendants' Arguments in Opposition to the Motion

In response, Defendants aver that a proposed finding of fact is not the proper subject of a motion to strike.[74] Defendants state that motions to strike are considered under Rule 12(f) of the Federal Rules of Civil Procedure, which only provides that a court may strike "from *a pleading* . . . any redundant, immaterial, impertinent, or scandalous matter."[75] Defendants assert that, because a proposed finding of fact is not a pleading, the motion to strike should be denied.[76]

---

[70] Rec. Doc. 93-4 at 2.

[71] *Id.*

[72] *Id.* at 5.

[73] *Id.* at 2.

[74] Rec. Doc. 94 at 1.

[75] *Id.* (emphasis in original).

[76] *Id.* at 1–2 (citing *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Graphic Packaging Int'l, Inc.*, No. 06-C-1188, 2007 WL 2288069, at *3 (E.D. Wis. Aug. 4, 2007); *In re Salter*, No. 9303892JEE, 1994 WL 513282, at *5 (Bankr. S.D. Miss. June 16, 1994)).

Moreover, Defendants argue that the purpose of requiring parties to submit proposed findings of fact is only to assist the Court in formulating its own findings of fact after trial.[77] Defendants assert that the Court ultimately decides whether the parties' proposed findings are supported by the evidence or should be included in the Court's own findings.[78] Defendants contend that their proposed finding of fact number four is relevant and supported by the evidence, and thus it is up to the Court to decide whether to accept or reject it.[79]

### 3.    Cormier's Reply in Further Support of the Motion

Cormier avers that Defendants' conduct was not the result of inadvertent errors in reading Cormier's criminal records.[80] Cormier points out that he informed Defendants in several emails that they were misrepresenting Cormier's criminal history, but that Defendants failed to address Cormier's concerns until he filed his motion to strike.[81]

### **III. Law and Analysis**

### *A.    Legal Standard for Rules 401 and 403 of the Federal Rules of Evidence*

Federal Rule of Evidence 401 provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay,

---

[77] *Id.* at 3.

[78] *Id.*

[79] *Id.* at 3–4.

[80] Rec. Doc. 132 at 1–2.

[81] *Id.* at 2–3.

wasting time, or needlessly presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[82]

**B.      *Legal Standard for Rules 410 and 609 of the Federal Rules of Evidence***

Pursuant to Federal Rule of Evidence 410, the following evidence of criminal history is not admissible against the defendant who made the plea in either civil or criminal cases: (1) a guilty plea that was later withdrawn; (2) a nolo contedere plea; (3) a statement made during a proceeding on either of those pleas; or (4) "a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea."[83]

Pursuant to Federal Rule of Evidence 609, evidence of a criminal conviction may be introduced as impeachment evidence to attack a witness's character for truthfulness. Evidence of a criminal conviction for a crime that was punishable by death or by imprisonment for more than one year "must be admitted, subject to Rule 403," in a civil or criminal case when the witness is not a defendant.[84] Evidence of any criminal conviction, regardless of the punishment, that required proving a dishonest act or false statement must also be admitted.[85]

Federal Rule of Evidence  609(b) specifically addresses the treatment of convictions that are remote in time. Rule 609(b) provides in pertinent part that "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," then evidence

---

[82] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[83] Fed. R. Evid. 410(a).

[84] Fed. R. Evid. 609(a)(1)(A).

[85] Fed. R. Evid. 609(a)(2).

of that conviction is only admissible if: "(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use."[86]

The Fifth Circuit has "read Rule 609(b) to say that the probative value of a conviction more than 10 years old is by definition outweighed by its prejudicial effect."[87] "The general rule is inadmissibility. It is only when the court admits evidence of a conviction over ten years old that the court must engage in a balancing test on the record."[88] Further, "the mere fact that [a witness's] credibility is in issue—a circumstance that occurs whenever [a witness] takes the stand—cannot, by itself, justify admission of convictions over ten years old. Such a rule would make the ten year limit in Rule 609(b) meaningless."[89]

## C.    Analysis

Cormier argues that this Court should exclude evidence of his criminal records on four grounds: (1) Cormier's criminal records are irrelevant; (2) any probative value the records may have is substantially outweighed by the danger of unfair prejudice; (3) criminal convictions involving pleas of nolo contendere are inadmissible under Federal Rule of Evidence 410; and (4) records of criminal convictions that are more than ten years old are inadmissible under Federal

---

[86] Fed. R. Evid. 609(b).

[87] *United States v. Hamilton*, 48 F.3d 149, 154 (5th Cir. 1995).

[88] *Id.* (quoting *United States v. Estes*, 994 F.2d 147, 149 (5th Cir. 1993)) (internal quotation marks omitted).

[89] *United States v. Acosta*, 763 F.2d 671, 695 (5th Cir. 1985) (quoting *United States v. Brown*, 603 F.2d 1022, 1028 (1st Cir. 1979)).

14

Rule of Evidence 609.[90] Cormier also argued that Defendants had not adequately designated which criminal records Defendants intended to introduce at trial.[91] However, during the Pre-Trial Conference held on January 26, 2017, Cormier conceded that he had subsequently received sufficient notice of which criminal records Defendants seek to introduce at trial and agreed that his vagueness argument here is moot.[92] Accordingly, the Court will address each of Cormier's remaining arguments in turn.

As a preliminary matter, the Court notes that Defendants seek to introduce a wide array of Cormier's "criminal records," including: arrest and police reports detailing the factual allegations against Cormier underlying several charges; an indictment for a forcible rape charge that was later amended to a felony carnal knowledge of a juvenile charge; arraignment documents for each charge; and minute entries from the state court proceedings reflecting the procedural history of each charge and/or conviction.

In particular, the records show that Cormier was charged with forcible rape of a juvenile on July 29, 2002,[93] but entered a plea of nolo contendere to felony carnal knowledge of a juvenile on November 17, 2004, after the State amended the charge.[94] Pursuant to his plea agreement, Cormier was sentenced to seven and a half years at hard labor, which was suspended, and five years of supervised probation.[95] The court also ordered Cormier to comply with all sex offender

---

[90] *See* Rec. Doc. 81 at 3; Rec. Doc. 103 at 10.

[91] Rec. Doc. 81-1 at 4.

[92] *See* Rec. Doc. 121.

[93] *State v. Cormier*, 2003-CR-39682, Arraignment Entry, July 29, 2002.

[94] *State v. Cormier*, 2003-CR-39682, Minute Entry, Nov. 17, 2004.

[95] *Id.*

registration and notification requirements.[96] On May 24, 2007, Cormier's probation was revoked by the state court after failing to attend a previous probation revocation hearing and failing to comply with the state court's orders regarding Cormier's sex offender status.[97] Cormier was then ordered to serve his original sentence of seven and a half years at hard labor with credit for time served.[98] The records also show that Cormier entered a plea of nolo contendere to a charge of simple burglary on August 24, 2009.[99] Pursuant to his plea agreement, Cormier was sentenced to five years at hard labor, to run concurrent with the probation revocation sentence that Cormier was then serving.[100] Moreover, the criminal records show that Cormier was charged with theft of property valued in excess of $300 in 2002, and appears to have been convicted in November of 2004 and given a suspended sentence of two years and a period of probation.[101] The records further show that in 2009, Cormier's probation was revoked and he was ordered to serve the two year sentence for the felony theft charge concurrently with the sentences he was then serving.[102]

Additionally, Defendants seek to introduce evidence that Cormier was charged with

---

[96] *Id.*

[97] *State v. Cormier*, 2003-CR-39682, Minute Entry, May 24, 2007.

[98] *Id.*

[99] *State v. Cormier*, 2008-CR-48810, Minute Entry, Aug. 24, 2009.

[100] *Id.*

[101] *State v. Cormier*, 2002-CR-38630, Arraignment Entry, Apr. 21, 2002; *State v. Cormier*, 2002-CR-38630, Minute Entry, Oct. 12, 2009. It is unclear from the state court minute entries provided by Defendants how the felony theft charge was precisely resolved, as Defendants omitted a page from the documents provided to the Court. However, it is clear from later minute entries that Cormier was given a two year sentence for the felony theft charge.

[102] *State v. Cormier*, 2002-CR-38630, Minute Entry, Oct. 12, 2009.

possession of a firearm by a convicted felon[103] and cruelty to animals in 2007, [104]  although both charges were dismissed by the State.[105] Defendants also seek to offer evidence that Cormier was charged with cyberstalking in 2002.[106] Defendants did not provide the Court with any evidence of how the cyberstalking charges were resolved, but Defendants have not asserted that it ended in a conviction.

Moreover, Defendants seek to offer additional information regarding Cormier's charges and convictions, including: a "Warrant of Arrest" and an "Arrest Report" for the burglary conviction; a "Supplemental Investigation Narrative" detailing the factual allegations underlying the cruelty to animals charge that was dismissed; an indictment for a charge of forcible rape, which was subsequently amended by the State to felony carnal knowledge of a juvenile; and a police report and an arrest report detailing the factual allegations underlying the felony carnal knowledge of a juvenile conviction.

### 1.    Whether Cormier's criminal records are relevant

First, Cormier asserts that his criminal records should be excluded as irrelevant under Rule 401 because they "have absolutely nothing to do" with the facts of this case.[107] In response, Defendants argue that Cormier's criminal records are relevant evidence on the issue of Cormier's future earning capacity, and that the records may also be used for impeachment purposes.[108]

---

[103] *State v. Cormier*, 2007-CR-47749, Arraignment Entry, May 3, 2007.

[104] *State v. Cormier*, 2007-CR-46715, Arraignment Entry, Feb. 2, 2007.

[105] *See State v. Cormier*, 2007-CR-46715, Minute Entry, Dec. 5, 2007 (dismissing cruelty to animals charge); *State v. Cormier*, 2007-CR-47749, Motion to Dismiss, July 21, 2008 (dismissing firearm charge).

[106] *State v. Cormier*, 2002-CR-39613, Arraignment Entry, Dec. 24, 2002.

[107] Rec. Doc. 81-1 at 6.

[108] Rec. Doc. 92 at 1–2.

17

Pursuant to Federal Rule of Evidence 401, evidence is relevant if "it has *any tendency* to make a fact more or less probable" and the fact "is of consequence in determining the action."[109]  Rule 402 states that irrelevant evidence is inadmissible.[110] District courts have wide discretion to determine the relevancy and admissibility of evidence under Rules 401 and 402.[111]

As Defendants point out, several courts of appeals outside the Fifth Circuit and courts in the Eastern District of Louisiana have found that evidence of a plaintiff's criminal history may be relevant to the issue of future damages.[112] Cormier, by contrast, did not point to any case where a court has found such evidence to be irrelevant under Rule 401.  In general, courts typically look to a wide range of factors to determine loss of earning capacity, including a plaintiff's pre-injury physical condition and earning capacity,[113] the extent to which plaintiff's post-injury condition disadvantages him or her in the work force,[114] actual post-accident wage losses,[115] potential future

---

[109] Fed. R. Evid. 401 (emphasis added). *See Eason v. Fleming Companies, Inc.*, 4 F.3d 989 (5th Cir. 1993).

[110] Fed. R. Evid. 402.

[111] *Huffman v. Turner Indus. Grp., L.L.C.*, No. 12-1061, 2013 WL 2351808, at *4 (E.D. La. May 23, 2013) (Brown, J.) (citing *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008)).

[112] *See, e.g.*, *Clark v. W & M Kraft, Inc.*, 476 F. App'x 612, 617 (6th Cir. 2012) (holding that prior substance abuse and jail time were relevant to future-earnings calculation especially to rebut plaintiff's earning calculation, which did not take incarceration into consideration); *Butler v. French*, 83 F.3d 942, 945 (8th Cir. 1996) (holding that allowing evidence of alcohol abuse to decrease future lost income was not plain error); *Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467, 1475 (11th Cir. 1984) (approving of the admission of evidence that plaintiff's "vocational outlook would be much brighter if he did not indulge in alcohol and drugs"); *Marzett v. Seatrade Reefer Chartering, N.V.*, No. 13-5270, 2015 WL 1415277, at *1 (E.D. La. Mar. 27, 2015) (Milazzo, J.) (finding evidence of drug use and past incarcerations are relevant to the plaintiff's claim for future lost earnings, and noting that "several courts have held that evidence of criminal convictions, imprisonment, and substance abuse are relevant to the issues of future lost wages and employability."); *McIntyre v. Bud's Boat Rental, L.L.C.*, No. 02–1623, 2003 WL 22174236, at *4 (E.D.La. Sept. 9, 2003) (Vance, J.) ("[P]laintiff's multiple convictions and probation violations are more indicative of substance abuse, and thus more relevant to the potential calculation of damages in this case.").

[113] *Levine v. Zapata Protein (USA), Inc.*, 961 F. Supp. 942, 945–46 (E.D. La. 1996).

[114] *See Barocco v. Ennis Inc. of Colorado*, No. 02-1450, 2003 WL 1342973, at *1 (E.D. La. Mar. 19, 2003) (Vance, J.), *aff'd sub nom. Barocco v. Ennis Inc.*, 100 F. App'x 965 (5th Cir. 2004).

[115] *Blaauw v. Superior Offshore Int'l, LLC*, No. 06-1380, 2008 WL 4224808, at *14 (W.D. La. Sept. 10, 2008) (citing Thomas J. Schoenbaum, *Admiralty and Maritime Law*, § 5-15.1 (4th ed. 2004); *Johnson v. Cenac*

wage increases,[116] and the extent of the plaintiff's remaining working life,[117] while also adjusting for factors such as its present value and applicable taxes.[118] Here, the Court finds that Cormier's criminal records may also have some relevance to the issue of future earning capacity. Accordingly, the Court declines to exclude evidence of Cormier's criminal records pursuant to Rule 401.

### 2. Whether Cormier's criminal records should be excluded pursuant to Rule 403

Next, Cormier avers that even if the Court finds that his criminal records are relevant, the criminal records' minimal probative value would be substantially outweighed by the danger of unfair prejudice, rendering the evidence inadmissible under Rule 403.[119] Pursuant to Rule 403 of the Federal Rules of Evidence, a court "may exclude relevant evidence if its probative value is *substantially outweighed* by a danger of . . . unfair prejudice[.]"[120] The Committee Notes to Rule 403 explain that "'[u]nfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."[121] As the

---

*Towing, Inc.* 468 F.Supp.2d 815, 834 (E.D.La. 2006)).

[116] *Jones*, 462 U.S. at 533.

[117] *Barocco*, 2003 WL 1342973, at *1.

[118] *Madore v. Ingram Tank Ships, Inc.*, 732 F.2d 475, 478–79 (5th Cir. 1984); 1 Admiralty & Mar. Law § 6-18 (5th ed.); *see also Michel v. Total Transp., Inc.*, 957 F.2d 186, 192 (5th Cir. 1992); *Culver v. Slater Boat Co.*, 722 F.2d 114, 117 (5th Cir. 1983) ("The calculation of damages suffered either by a person whose personal injuries will result in extended future disability or by the representatives of a deceased person involves four steps: estimating the loss of work life resulting from the injury or death, calculating the lost income stream, computing the total damage, and discounting that amount to its present value."); 2 American Law of Torts § 8:27 ("Relevant to the issue are such factors as: the nature and extent of an injury victim's employment, or business or calling, or profession; his or her experience, skill and ability in the employment, occupation or profession; and the various losses undergone from diminution of capacity to follow such trade, business or profession as a consequence of injury sustained.") (citations omitted)).

[119] Rec. Doc. 81-1 at 7.

[120] Fed. R. Evid. 403 (emphasis added).

[121] Advisory Committee's Notes on Fed. Rule Evid. 403; *see Old Chief v. United States*, 519 U.S. 172, 180

Fifth Circuit has made clear, "unfair prejudice" in the context of Rule 403 "is not to be equated with testimony simply adverse to the opposing party . . . [t]he prejudice must be 'unfair.'"[122] The Fifth Circuit has further cautioned that excluding evidence under Rule 403 "should occur only sparingly."[123]

While the Court found *supra* that Cormier's criminal records may have some relevance to the issue of future earning capacity, the probative value and prejudicial effect of each type of record varies greatly. In particular, Defendants seek to introduce three broad categories of records: (1) records regarding Cormier's three past convictions; (2) records regarding several charges brought against Cormier but subsequently dropped; and (3) records of arrest reports and police reports detailing the underlying facts of Cormier's carnal knowledge of a juvenile conviction and the dropped cruelty to animals charge.

With regard to records of Cormier's convictions for carnal knowledge of a juvenile, simple burglary, and felony theft,[124] the Court finds that the probative value of the evidence is not substantially outweighed by the danger of undue prejudice. Evidence of Cormier's prior convictions is relevant in determining Cormier's future earning capacity,[125] and, because this is a

---

(1997) (quoting the same).

[122] *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977); *see also Hinojosa v. Butler*, 547 F.3d 285, 295 (5th Cir. 2008) ("Although courts should vigilantly guard against unfair prejudice in this context, the qualifier 'unfair' is not superfluous. 'Prejudice' to one party is the natural and intended consequence of the admission of evidence by another.").

[123] *United States v. Pace*, 10 F.3d 1106, 1115–16 (5th Cir. 1993) (citing *United States v. McRae,* 593 F.2d 700, 707 (5th Cir.), *cert. denied,* 444 U.S. 862 (1979)).

[124] As noted *supra*, Defendants assert that Cormier was convicted of a felony theft charge, but it is unclear from the state court records provided by Defendants to the Court how that charge was resolved. However, to the extent that Defendants can prove at trial that Cormier was convicted of felony theft, and not simply charged, that evidence is admissible.

[125] *See, e.g.*, *Granger v. Marine*, No. 15-477, 2016 WL 4621501, at *6 (E.D. La. Sept. 6, 2016) (Fallon, J.) (noting that evidence of a previous arrest "may be relevant for limiting the Plaintiff's future earning capacity," but

bench trial, the Court finds that there is less danger that this evidence may produce any unfair prejudice.[126] Accordingly, the Court denies Cormier's motion to the extent that he seeks to exclude evidence of his criminal convictions under Rule 403.

By contrast, criminal records of (1) charges that did not result in a conviction, (2) charges that were later amended to a lesser charge, and (3) police and arrest reports detailing the factual allegations of Cormier's alleged criminal activity are significantly less probative than a conviction with regard to Cormier's future earning capacity damages.[127] Moreover, evidence of detailed factual allegations of criminal activity unrelated to the instant litigation and of charges that Cormier was never convicted of presents a danger of unfair prejudice against Cormier.[128] A person is presumed innocent until proven guilty, and Defendants have not shown that the probative value of these additional criminal records beyond Cormier's convictions outweigh their prejudicial effect. Therefore, the Court finds that the minimal probative value of such evidence is substantially

---

ultimately finding that it does not pass the balancing test of Rule 403).

[126] *See United States v. Nicholson*, 492 F.2d 124, 124 (5th Cir. 1974) ("[T]he prejudicial impact of erroneously admitted evidence is thus presumed to be substantially less than it might have been in a trial before a jury." (citing *United States v. Dillon*, 436 F.2d 1093, 1095 (5th Cir. 1971))). *See Gulf States Utilities Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981) (although evidence also may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, "[t]his portion of Rule 403 has no logical application to bench trials"); *Cowen v. Allstate Ins. Co.*, No. 11-118, 2012 WL 10591, at *3 (E.D. La. Jan. 3, 2012) (Vance, J.) ("Because this is a bench trial, the Court does not find her argument [regarding unfair prejudice] availing.").

[127] *See McIntyre v. Bud's Boat Rental, L.L.C.*, No. 02-1623, 2003 WL 22174236, at *3 (E.D. La. Sept. 9, 2003) (Vance, J.) (finding that the "probative value of a conviction or probation violation is greater than that of an arrest," and that the evidence passes the balancing test for prejudicial effect under Rule 403).

[128] *See Granger v. Marine*, 15-477, 2016 WL 4621501, at *6 (E.D. La. Sept. 6, 2016) (Fallon, J.) (finding that evidence of past arrests may be relevant to a plaintiff's future earning capacity, but it did not pass the balancing test for undue prejudice under Rule 403); *Jordan v. Ensco Offshore Co.*, No.15-1226, 2016 WL 2864380, at *2 (E.D. La. May 16, 2016) (Morgan, J.) (finding that the probative value to a plaintiff's claim for future lost wages of an arson conviction and an arrest for possessing a firearm does not outweigh the danger of unfair prejudice); *see also Conlon v. Trans Nat. Trucking, LLC*, 506 F. App'x 185, 190 (3d Cir. 2012) (holding that, even assuming past convictions were relevant to the issue of damages, the district court "acted well within its discretion under Rule 403 when it excluded evidence of Mr. Conlon's past criminal convictions.").

outweighed by the danger of unfair prejudice. Accordingly, pursuant to Rule 403, the Court will exclude evidence of: (1) charges against Cormier that did not result in a conviction, such as the charges for possession of a firearm by a convicted felon, cruelty to animals, and cyberstalking; (2) an indictment of forcible rape that was later amended to carnal knowledge of a juvenile; and (3) arrest reports, police reports, and warrants for arrest related to Cormier's convictions and charges.

### 3.   Whether criminal convictions involving pleas of nolo contendere are admissible under Rule 410

Next, Cormier argues that, because he was convicted of felony carnal knowledge of a juvenile and simple burglary after pleading nolo contendere, this evidence should be excluded pursuant to Rule 410.[129] In response, Defendants argue that while evidence of a nolo contendere plea standing alone may not be admissible as evidence of an admission of guilt, a felony conviction based on such a plea is admissible.[130] Rule 410 of the Federal Rules of Evidence provides in pertinent part that, "[i]n a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions: . . . (2) a nolo contendere plea[.]"[131]

The Fifth Circuit has held that the purpose of allowing a plea of nolo contendere is to permit a defendant to accept a judgment of conviction in a criminal proceeding while preserving his ability to later deny guilt.[132] "Nolo pleas create a significant incentive for the defendant to terminate the

---

[129] *See* Rec. Doc. 81 at 3; Rec. Doc. 103 at 10.

[130] Rec. Doc. 92 at 3.

[131] Fed. R. Evid. 410(a)(2).

[132] *United States v. Williams*, 642 F.2d 136, 139 (5th Cir. 1981) (citing Advisory Committee Note to Rule 410; 10 Moore's Federal Practice § 410.01(6) at IV-189 (1979 ed.)).

pending litigation in order to avoid admitting guilt for subsequent litigation."[133] In *United States v. Williams*, the Fifth Circuit noted that Rule 410's prohibition against using a plea of nolo contendere against the defendant who made the plea is intended to promote this goal and encourage "disposition of criminal cases by compromise."[134]

The Fifth Circuit has held that, "[o]nce convicted, whether as a result of a plea of guilty, nolo contendere, or of not guilty (followed by trial), convictions stand on the same footing."[135] While the Fifth Circuit does not appear to have addressed this precise issue regarding the scope of Rule 410, the courts of appeals that have addressed it have found that Rule 410 does not prohibit the use of evidence of a criminal conviction based on an underlying plea of nolo contendere. For example, the First Circuit has expressly held that Rule 410 "is not applicable when the conviction and sentence are used to show nothing more than the fact of a valid sentence and conviction."[136] Similarly, the Sixth Circuit has held that Rule 410 prohibits the "use of 'a *plea* of *nolo contendere*,' not a *conviction* pursuant to a *nolo* plea."[137]

Thus, the Court finds Rule 410's prohibition against using a nolo contendere *plea* against the defendant who made the plea does not extend to excluding evidence of a plaintiff's criminal *conviction* in a subsequent civil proceeding.[138] Here, Defendants seek to introduce the existence

---

[133] *Id.*

[134] *Id.*

[135] *Id. See also* La. Civ. Code art. 552 ("A sentence imposed upon a plea of nolo contendere is a conviction and may be considered as a prior conviction . . . .").

[136] *Olsen v. Correiro*, 189 F.3d 52, 61–62 (1st Cir. 1999) (holding that when evidence of a conviction is offered only to show the existence of a conviction, "the reason for the punishment, [and] the existence of underlying culpability, is irrelevant.").

[137] *Myers v. Sec'y of Health & Human Servs.*, 893 F.2d 840, 843 (6th Cir. 1990).

[138] *See, e.g.*, *Mayberry v. Hamblen*, No. SA02CA0521FBN, 2006 WL 503511, at *10 (W.D. Tex. Feb. 21, 2006) ("There is a critical and significant legal difference between using a *nolo contendere* plea against a former

of Cormier's criminal convictions to demonstrate how it may impact his future earning capacity as a civil plaintiff, regardless of how the conviction was obtained, and not as an admission of guilt against a defendant as Rule 410 seeks to prevent.[139] Accordingly, the Court denies Cormier's motion to exclude evidence of Cormier's convictions from being offered on the issue of Cormier's future earning capacity on the basis of Rule 410.

Additionally, Defendants aver that Cormier's convictions arising from a nolo contendere plea may be used for impeachment purposes as well.[140] The Fifth Circuit has expressly ruled that a conviction entered pursuant to a nolo contendere plea is admissible under Rule 609 as impeachment evidence.[141] "Clearly the rule governing our issue, [Rule] 609, creates no difference

---

criminal defendant in a subsequent civil proceeding where the criminal defendant *remains* the defendant in the civil proceeding, and allowing the criminal defendant to ignore his plea and admissions in a prior criminal proceeding and proceed as a plaintiff in a subsequent civil proceeding in which he seeks liability from persons or entities who arrested him or contributed, by virtue of their evidentiary statements, to secure his criminal conviction."); *Wallace v. Lee*, No. 00-3759, 2002 WL 31175219, at *4 (E.D. La. Sept. 27, 2002) (Roby, Mag.) ("However, the language and purpose of these evidentiary rules prohibits the use of evidence of the plea of nolo contendere but not the existence of the conviction pursuant to that plea.")

[139] *See, e.g.*, *Olsen*, 189 F.3d at 61–62 ("Only the nolo *plea* itself is barred by the relevant language of the rule." (emphasis in original)); *Myers v. Sec'y of Health & Human Servs.*, 893 F.2d 840, 843 (6th Cir. 1990) (holding that *nolo* pleas and convictions were admissible when used to show the appellants were disqualified from participating in the Medicare program, as they were not being used to prove guilt); *Walker v. Schaeffer*, 854 F.2d 138, 143 (6th Cir. 1988) ("We find a material difference between using the nolo contendere plea to subject a former criminal defendant to subsequent civil or criminal liability and using the plea as a defense against those submitting a plea interpreted to be an admission which would preclude liability. Rule 410 was intended to protect a criminal defendant's use of the nolo contendere plea to defend himself from future civil *liability*." (emphasis in original)); *Mayberry v. Hamblen*, No. SA02CA0521FBN, 2006 WL 503511, at *10 (W.D. Tex. Feb. 21, 2006) ("Federal Rule of Evidence 410, does not bar admission of the *existence* of the *nolo contendere* plea." (emphasis in original)); *Nuno v. County of San Bernardino*, 58 F. Supp. 2d 1127, 1136 (C.D.Cal. 1999) (finding that the relevant fact before the court was the simple existence of the conviction, and not the nolo contendere plea itself).

[140] Rec. Doc. 92 at 1.

[141] *United States v. Sonny Mitchell Center*, 934 F.2d 77, 79 (5th Cir. 1991) (upholding the introduction of convictions entered pursuant to pleas of nolo contendere under Rule 609); *United States v. Williams*, 642 F.2d 136, 139 (5th Cir. 1981) (upholding the admission of a conviction based on a *nolo contendere* plea for impeachment purposes under Rule 609); *Jackson v. Bayou Indus., Inc.*, No. 94-946, 1995 WL 133331, at *2 (E.D. La. Mar. 28, 1995) (Vance, J.) ("The Fifth Circuit has ruled that a plea of *nolo contendere* is the equivalent of a conviction and is admissible under Rule 609(a) as impeachment evidence." (citations omitted)).

24

between convictions according to the pleas that preceded them. Indeed, as we have seen, the history of this rule discloses that a difference was originally proposed and finally rejected."[142] Accordingly, while the Court will consider *infra* whether Cormier's convictions are admissible under Rule 609 for impeachment purposes, the Court finds here that Rule 410 does not otherwise bar the use of Cormier's convictions for impeachment purposes.

### 4. Whether Cormier's criminal convictions are admissible under Rule 609

Next, Cormier contends that evidence of any felony convictions that are more than ten years old are inadmissible under Rule 609(b) of the Federal Rules of Evidence because their probative value does not substantially outweigh their prejudicial effect.[143] In opposition, Defendants assert that the conviction for simple burglary occurred in 2009, within the last ten years, and that while the conviction for carnal knowledge of a juvenile occurred in 2004, the record is clear that Cormier was serving time for that crime after his probation was revoked in 2007.[144] According to Defendants, a felony conviction is admissible under Rule 609 if the criminal defendant was either convicted or still serving his sentence within the past ten years.[145]

Pursuant to Federal Rule of Evidence 609(a), a party may attack a witness's character for truthfulness using a witness's prior criminal convictions. In particular, evidence of criminal convictions for a crime punishable by death or by imprisonment for more than one year "must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a

---

[142] *Williams,* 642 F.2d at 139.

[143] Rec. Doc. 81 at 3.

[144] Rec. Doc. 92 at 2.

[145] *Id.*

defendant."[146] Federal Rule of Evidence 609(b) establishes limits on the use of convictions after a ten year period. Rule 609(b) provides that, if more than ten years have passed since the conviction or "release from confinement for it," the evidence of that conviction is only admissible if: (1) its probative value substantially outweighs its prejudice effect; and (2) the adverse party received reasonable written notice of the proponent's intent to use such evidence so as to provide the adverse party a fair opportunity to contest its use.[147]

Cormier was convicted of simple burglary and sentenced to five years at hard labor in 2009, less than ten years ago.[148] Thus, such evidence is admissible to impeach Cormier's character for truthfulness under Rule 609(a)(1)(A), subject to Rule 403.[149] As the Court found *supra*, the probative value of evidence of Cormier's conviction for simple burglary is not substantially outweighed by the danger of unfair prejudice, and thus will not be excluded pursuant to Rule 403. Accordingly, the Court finds that such evidence of Cormier's simple burglary conviction may be used for impeachment purposes pursuant to Rule 609(a).

In 2004, more than ten years ago, Cormier pled nolo contendere to felony carnal knowledge of a juvenile, and he received a suspended sentence of seven and a half years at hard labor and five years on supervised probation.[150] However, in 2007, Cormier's supervised probation was revoked, and he was ordered to serve his original sentence of seven and a half years at hard labor with credit

---

[146] Fed. R. Evid. 609(a)(1)(A).

[147] Fed. R. Evid. 609(b)(1) and (2).

[148] *State v. Cormier*, 2008-CR-48810, Minute Entry, Aug. 24, 2009.

[149] Fed. R. Evid. 609(a)(1)(A); *United States v. Daniel*, 957 F.2d 162, 168 (5th Cir. 1992) ("Rule 609(a) allows introduction of evidence that a witness has been convicted of a crime in order to impeach the credibility of the witness.").

[150] *State v. Cormier*, 2003-CR-39682, Minute Entry, Nov. 17, 2004; *see also* Rec. Doc. 103 at 3.

for time served.[151] Cormier argues that, because over ten years have passed since he was originally convicted of this crime, evidence of this conviction should be excluded pursuant to Rule 609(b).[152] Cormier asserts that the prison sentence he began serving in 2007 was a result of his probation revocation, and not for the carnal knowledge of a juvenile conviction, and thus the conviction does not fall within the ten year limitation pursuant to Rule 609(b).[153] The Court is not persuaded by Cormier's argument. Cormier received a suspended sentence of seven and a half years upon his conviction for carnal knowledge of a juvenile, and the state court records are clear that, when his supervised probation was revoked, the state court "ordered [Cormier] to serve *the original sentence* imposed on November 17, 2004." [154]

As stated *supra*, Rule 609(b)'s limitation on the use of convictions is triggered if more than ten years have passed since the conviction or "release from confinement for it."[155] Therefore, the Court must consider whether the ten year time limit under Rule 609(b) applies from the date of Cormier's conviction in 2004, since he was not originally confined, or whether the ten year time limit began after Cormier's subsequent confinement in 2007. While the Fifth Circuit has concluded that "confinement" as used in Rule 609(b) does not include a probationary period itself,[156] it has not yet addressed whether a revocation of probation and imposition of a suspended sentence restarts the commencement of the ten-year clock under Rule 609(b). However, several other courts

---

[151] *State v. Cormier*, 2003-CR-39682, Minute Entry, May 24, 2007; *see also* Rec. Doc. 103 at 3.

[152] Rec. Doc. 103 at 5.

[153] *Id.* at 5–6.

[154] *State v. Cormier*, 2003-CR-39682, Minute Entry, May 24, 2007.

[155] Fed. R. Evid. 609(b).

[156] *United States v. Daniel*, 957 F.2d 162, 167–68 (5th Cir. 1992).

of appeals and federal district courts that have addressed this issue have held that confinement imposed after probation is revoked is "confinement" for the original offense within the meaning of Rule 609(b).[157] Here, as the state court records make clear, Cormier was confined in 2007 for his conviction for carnal knowledge of a juvenile, and, according to Cormier, was released in 2011.[158] Accordingly, the Court finds that Rule 609(b) is inapplicable, as Cormier was released from confinement for that conviction less than ten years ago, and that evidence of Cormier's conviction for carnal knowledge of a juvenile is admissible under Rule 609(a)(1)(A), subject to Rule 403.[159] As the Court found *supra*, the probative value of evidence of Cormier's conviction for carnal knowledge of a juvenile is not substantially outweighed by the danger of unfair prejudice and thus will not be excluded pursuant to Rule 403. Accordingly, the Court finds that such evidence of Cormier's carnal knowledge of a juvenile conviction may be used for impeachment purposes pursuant to Rule 609(a).

Additionally, Defendants represent that Cormier was convicted of a third felony conviction for felony theft in November of 2004.[160] Cormier's criminal records further show that Cormier's probation was revoked in connection with the conviction for felony theft in October of 2009, and

---

[157] *See United States v. Gray*, 852 F.2d 136, 139 (4th Cir. 1988) (holding that the ten year time limit in Rule 609(b) is not applicable when the defendant's parole was revoked for parole violations and the defendant was incarcerated at the time of trial); *United States v. McClintock*, 748 F.2d 1278, 1287–88 (9th Cir. 1984) (holding that, where probation is revoked and a defendant is imprisoned due to a violation of a substantive probation condition similar to the initial criminal activity, the ten-year limitation in Rule 709(b) does not commence); *United States v. Brewer*, 451 F. Supp. 50, 52–53 (E.D.Tenn. 1978) (holding that re-confinement after violating parole is confinement imposed for the original conviction).

[158] *See* Rec. Doc. 103 at 6. Defendants represent that Cormier was released from prison in October 2014. *See* Rec. Doc. 107 at 2. Under either date, however, Cormier would have been released from confinement less than ten years ago.

[159] Fed. R. Evid. 609(a)(1)(A); *Daniel*, 957 F.2d at 168 ("Rule 609(a) allows introduction of evidence that a witness has been convicted of a crime in order to impeach the credibility of the witness.").

[160] Rec. Doc. 107 at 2.

that the two year sentenced imposed in November 2004 was made executory and would run concurrent with the sentences Cormier was then serving.[161] Accordingly, for the same reasons stated *supra*, the Court finds that Rule 609(b) does not prohibit the introduction of evidence of Cormier's felony theft conviction, as he was released from confinement for it less than ten years ago. Thus, evidence of Cormier's conviction for felony theft is admissible under Rule 609(a)(1)(A), subject to Rule 403.[162] As the Court found *supra*, the probative value of evidence of Cormier's conviction for felony theft is not substantially outweighed by the danger of unfair prejudice and thus will not be excluded pursuant to Rule 403. Accordingly, the Court finds that such evidence of Cormier's felony theft conviction may be used for impeachment purposes pursuant to Rule 609(a).

Additionally, the Court notes that it is unclear whether Defendants contend that evidence of Cormier's arrests and charges that were subsequently dropped may be used for impeachment purposes under Rule 609.[163] However, the Court finds that such evidence is inadmissible under Rule 609, as Rule 609 only applies to impeachment "by evidence of a criminal *conviction*."[164]

---

[161] *State v. Cormier*, 2002-CR-38630, Minute Entry, Oct. 12, 2009.

[162] Fed. R. Evid. 609(a)(1)(A); *Daniel*, 957 F.2d at 168 ("Rule 609(a) allows introduction of evidence that a witness has been convicted of a crime in order to impeach the credibility of the witness.").

[163] *See* Rec. Doc. 92 at 1 ("The criminal records are properly admitted for impeachment purposes under Federal Rule of Evidence 609.")

[164] Fed. R. Evid. 609(a) (emphasis added); *see, e.g.*, *United States v. Hamilton*, 48 F.3d 149, 153 (5th Cir. 1995) (holding that a deferred adjudication of guilt is not a "conviction," and thus is not admissible under Rule 609) (citing *United States v. Georgalis*, 631 F.2d 1199, 1203 (5th Cir. 1980); *United States v. Dotson,* 555 F.2d 134, 135 (5th Cir. 1977)); *Albert v. Jordan*, No. 05-516, 2007 WL 4403739, at *2 (W.D. La. Dec. 14, 2007) (noting that evidence of arrests are not admissible under Rule 609); *Eagan v. Laplace Towing, Inc.*, No. 91-4623, 1993 WL 121237, at *3 (E.D. La. Apr. 14, 1993) (Clement, J.) (finding that a guilty plea, without a formal judgment, does not constitute a "conviction" for purposes of Rule 609).

### 5.      Whether Defendants' Proposed Finding of Fact No. 4 Should be Stricken

In a separate motion, Cormier argues that this Court should strike Defendants' proposed finding of fact number four, as it is "patently incorrect," "a blatant misrepresentation" of Cormier's criminal records, and an attempt to prejudice the fact finder "with incorrect, inflammatory and blatantly false and/or incorrect representations."[165] After Cormier filed his motion to strike, Defendants received leave of the Court to file an "Amended Proposed Findings of Fact and Conclusions of Law."[166] In their "Amended Proposed Findings of Fact and Conclusions of Law," Defendants provide the Court with a substantially altered proposed finding of fact number four regarding Cormier's criminal records.[167] Cormier has not raised any objection to the amended proposed finding of fact. Accordingly, the Court will deny Cormier's "Motion to Strike Defendants' Proposed Finding of Fact No. 4" as moot.

### 6.      Cormier's Supplemental and Amended Motion in Limine to Exclude the Criminal Records of Beaux Cormier

Finally, in Cormier's "Supplemental and Amended Motion in Limine to Exclude the

---

[165] Rec. Doc. 93 at 2.

[166] Rec. Doc. 107 at 2.

[167] *Id.* Defendants' proposed finding of fact number four now provides:

Cormier was arrested in 2003 and charged with the forcible rape of a 12 year old child. Under a plea bargain, on November 17, 2004, he plead "no contest" to, and was convicted of, the reduced charge of "felony carnal knowledge of a juvenile" and was sentenced to 7½ years at hard labor. The sentence was suspended and he was given five years of supervised probation. His probation was revoked on May 24, 2007, and he was incarcerated to serve the original 7½ sentence with credit for time served. While in prison, he was convicted of a burglary committed on May 21, 2007. Under a plea agreement, he was convicted of simple burglary (a felony) and was sentenced to serve five years at hard labor, to run concurrently with the sentence being served for felony carnal knowledge of a juvenile. On October 20, 2009, Cormier had his probation revoked in connection with a third felony conviction of November 17, 2004 (after a guilty plea) for felony theft. His two-year prison sentence for felony theft was made executory and ran concurrently with the two sentences already being served for his other crimes. He was released from prison in October 2014 – just a few weeks before starting work at M&M Wireline.

30

Criminal Records of Beaux Cormier," Cormier seeks to supplement and amend his first motion in limine to exclude Cormier's criminal records.[168] In the motion, Cormier alleges that Defendants have engaged in a concerted effort to create a bias and unfairly prejudice the Court by making false representations about Cormier's criminal records throughout Defendants' filings in this matter.[169] Cormier argues that this supports his original motion's contention that Cormier's criminal records should be excluded under Rule 403, but Cormier does not appear to request any additional relief.[170] Because the Court has addressed Cormier's arguments that the criminal records should be excluded under Rule 403 *supra*, the Court will deny this motion as moot.

## IV. Conclusion

For the reasons stated above, the Court finds that evidence of Cormier's criminal convictions for carnal knowledge of a juvenile, simple burglary, and felony theft is relevant to the issue of Cormier's future earning capacity and its probative value is not substantially outweighed by its prejudicial effect. The Court further finds that these convictions are not excluded under Rule 410 simply because Cormier pled nolo contendere to the charges. Additionally, the Court finds that the convictions are admissible under Rule 609(a) for impeachment purposes, and that Rule 609(b)'s ten year limitation provision does not bar the use of the convictions at trial, as Cormier was released from confinement for these convictions less than ten years ago.

However, pursuant to Rule 403, the Court will exclude evidence of: (1) charges against Cormier that did not result in a conviction, such as the charges for possession of a firearm by a

---

[168] Rec. Doc. 119.

[169] *Id.* at 2.

[170] *Id.* at 4–5.

convicted felon, cruelty to animals, and cyberstalking; (2) an indictment of forcible rape that was later amended to carnal knowledge of a juvenile; (3) and arrest reports, police reports, and warrants for arrest related to Cormier's convictions and charges. The Court finds that the minimal probative value of such evidence is substantially outweighed by the danger of unfair prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Beaux Cormier's "Motion in Limine to Exclude the Criminal Records of Beaux Cormier"[171] is **DENIED IN PART** to the extent that it seeks to exclude evidence of Cormier's three criminal convictions and **GRANTED IN PART** to the extent that the Court will exclude evidence of: (1) charges against Cormier that did not result in a conviction, such as the charges for possession of a firearm by a convicted felon, cruelty to animals, and cyberstalking; (2) an indictment of forcible rape that was later amended to carnal knowledge of a juvenile; (3) and arrest reports, police reports, and warrants for arrest related to Cormier's convictions and charges.

**IT IS FURTHER ORDERED** that Plaintiff Beaux Cormier's "Supplemental and Amended Motion in Limine to Exclude the Criminal Records of Beaux Cormier"[172] and "Motion to Strike Defendant's Proposed Finding of Fact No. 4"[173] are **DENIED AS MOOT**.

**NEW ORLEANS, LOUISIANA**, this ____6th____ day of February, 2017.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[171] Rec. Doc. 81.

[172] Rec. Doc. 119.

[173] Rec. Doc. 93.